# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAQUIA BUIE,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 16-1920 (CKK)

## MEMORANDUM OPINION AND ORDER
(August 30, 2017)

This action arises from the alleged sexual assault of Plaintiff Jaquia Buie by Defendant Darrell L. Best, who was at the time an employee of the District of Columbia Metropolitan Police Department ("MPD"). Compl. ¶ 3. The following sequence of events is gleaned from the allegations of the complaint, which are accepted as true solely for purposes of the pending motion. On December 3, 2014, Defendant Best picked up Plaintiff at a Metro stop in an unmarked police-issued vehicle. *Id*. ¶ 30. Defendant Best then drove Plaintiff to a restaurant on 15th Street N.W. *Id*. At the time, he was in full police uniform and armed. *Id*. At the restaurant, Defendant Best made lewd comments to Plaintiff, and Plaintiff asked to go home. *Id*. ¶ 34. Although Plaintiff said she would rather take the Metro, Defendant Best insisted that he would drive her home. *Id*. Once back in the police vehicle, however, Defendant Best told Plaintiff that he needed to stop by MPD headquarters on business before returning her home. *Id*. ¶ 35. Once at police headquarters, Plaintiff tried to remain in the police vehicle, but was ordered by Defendant Best to exit the car. *Id*. ¶ 37. Plaintiff was then taken by Defendant Best from the secure underground garage, by use of a secure elevator, to his office at police headquarters. *Id*. ¶¶ 36, 38. There, he allegedly sexually abused her—a crime for which he has pled guilty and been sentenced to 18 years in prison. *Id*. ¶¶ 38, 42.

Presently before the Court is a [10] Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant District of Columbia ("the District") and Defendant Muriel E. Bowser, Mayor of the District of Columbia (collectively, the "District Defendants").[1] Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

---

[1] The Court's consideration has focused on the following documents:
- Complaint, ECF No. 1 ("Compl.");
- District Defs.' Partial Mot. to Dismiss, ECF No. 10 ("Defs.' Mem.");
- Mem. of P&A in Supp. of Pl.'s Opp'n to the District of Columbia's Mot. for Partial Dismissal, ECF No. 13 ("Opp'n Mem.");
- Reply in Supp. of District Defs.' Partial Mot. to Dismiss, ECF No. 14 ("Reply Mem.").

1

Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The District Defendants contend that the complaint asserts no theory of liability as to Mayor Bowser, and that as a result, she should be dismissed from this case. Plaintiff does not respond to this argument, meaning it is conceded. *See* LCvR 7(b). In any event, because Mayor Bowser is sued only in her official capacity, and because the claims against her are merely duplicative of those against the District, her dismissal from this lawsuit is appropriate. *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (Kollar-Kotelly, J.) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" (citations omitted)).

For its part, the District contends that in "counts four through eight of Plaintiff's complaint – Negligence, Negligent Entrustment, Negligent Retention, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress – Plaintiff asserts claims which only survive as to defendant the District if defendant Best was acting within the scope of his employment at the time of the alleged acts." Defs.' Mem. at 6. For the moment, the Court assumes that this proposition is true—that is, that these claims can proceed only under a theory of respondeat superior liability.[2] Granted this assumption, the District contends that it is not liable under a theory of respondeat superior liability because Defendant Best was not acting within the scope of his employment at the time he allegedly sexually abused Plaintiff. *Id*. at 3.

In defining scope of employment, the District of Columbia follows section 228 of the RESTATEMENT (SECOND) OF AGENCY (1958) (the "Restatement"). *See Council on Am. Islamic Relations v. Ballenger,* 444 F.3d 659, 663 (D.C. Cir. 2006). With respect to the factual circumstances of this case, the most relevant authority is *Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984). There, the District of Columbia Court of Appeals found that a school teacher who sexually assaulted his student in the school cafeteria was not acting within the scope of his employment as a matter of law. *Boykin*, 484 A.2d at 564. Although the teacher's responsibilities included physical contact with his students—he was a teacher for the deaf and blind—the Court of Appeals held that respondeat superior liability did not attach because "the employee's conduct was [not] the outgrowth of any action undertaken in the employer's behalf." *Id*. In other cases, however, where the employee's illicit conduct somehow aided the employer, the employer has been found to be vicariously liable. *See Lyon v. Carey*, 533 F.2d 649, 652 (D.C. Cir. 1976) (whether a delivery man's rape of a customer was within the scope of employment was a jury question because the rape grew out of a dispute over payment); *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752 (D.C. 2001) ("While it is probable that the vast majority of sexual assaults arise from purely personal motives, it is nevertheless possible that an employee's conduct may amount to a sexual

---

[2] In fact, as Plaintiff argues, several of the counts appear to assert claims of direct liability against the District. *See* Opp'n Mem. at 6. The extent to which each claim turns on direct or vicarious liability, however, is an issue that the Court need not, and does not, decide in the context of the pending motion.

assault and still be actuated, at least in part, by a desire to serve the employer's interest." (internal quotation marks and alterations omitted)).

Plaintiff does not challenge the District's contention that Defendant Best was acting outside the scope of his employment. Rather, Plaintiff contends that vicarious liability nevertheless attaches on the District pursuant to sections 219(2)(b) and 219(2)(d) of the Restatement. *See* Opp'n Mem. at 4–5. Because Plaintiff has plausibly alleged vicarious liability under section 219(2)(d), the Court reserves judgment with respect to the other section.

Section 219(2)(d) provides that "[a] master is not subject to liability for the torts of his servants acting outside the scope of their employment, *unless* . . . the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." (Emphasis added.) The District of Columbia has not expressly adopted this section of the Restatement, *see Doe v. Sipper*, 821 F. Supp. 2d 384, 391 (D.D.C. 2011, but it has been relied upon by the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").

Particularly, in *Gary v. Long*, the D.C. Circuit offered the following analysis of section 219(2)(d):

> In a sense, a supervisor is always "aided in accomplishing the tort by the existence of the agency" because his responsibilities provide proximity to, and regular contact with, the victim. . . . The commentary to the Restatement suggests that this exception embraces a narrower concept that holds the employer liable only if the tort was "accomplished by an instrumentality, or through conduct associated with the agency status." Thus a telegraph company may be held liable for a tort committed by a telegraph operator who sends a false telegraph message, as may the undisclosed principal of a store whose manager cheats a customer. In such cases, "[l]iability is based upon the fact that the agent's position facilitates the consummation of the tort, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business confided to him."

59 F.3d 1391, 1397 (D.C. Cir. 1995) (alteration and citations omitted). Although Plaintiff's position regarding section 219(2)(d) is thoroughly articulated, the District offers no response in its reply, and does not contest the applicability of the section. Furthermore, even reaching the issue, the Court finds that Plaintiff has plausibly alleged that the District is vicariously liable for the alleged sexual assault at issue pursuant to section 219(2)(d) under the narrow reading of that section espoused by the D.C. Circuit.

The complaint alleges that Defendant Best was wearing his full police uniform and armed at the time of the assault, plausibly suggesting that he was purporting to act on behalf of the MPD. Furthermore, the assault was in numerous ways allegedly accomplished by use of instrumentalities associated with Defendant Best's official position. Plaintiff was driven in an official police vehicle, while Plaintiff was in his full police uniform. She was taken to MPD headquarters. There, Defendant Best initially took her to the garage, which allegedly required police credentials for

access. Then, by use of an elevator that likewise allegedly required an MPD pass, Defendant Best took Plaintiff to his office at MPD headquarters, where the assault was allegedly committed. As a result, various instrumentalities associated with Defendant Best's official position with the MPD allegedly facilitated the commission of the tortious conduct at issue in this case. Indeed, it is plausible that, from a third-party perspective, Defendant Best's conduct would have appeared to be in the ordinary course of his police business—taking a private citizen from his official vehicle, while in his official uniform, to his office in MPD headquarters. Accordingly, Plaintiff has plausibly alleged a theory of respondeat superior liability for the District stemming from Defendant Best's alleged sexual abuse of the Plaintiff at MPD headquarters. *See Sipper*, 821 F. Supp. 2d at 393 (denying motion to dismiss on the basis of section 219(2)(d) because there was a fact issue as to whether an executive of a company used the instrumentalities of his position to rape an employee); *see also Doe v. Forrest*, 853 A.2d 48, 61 (Vt. 2004) ("What makes the circumstances of this case virtually unique from a policy perspective is the extraordinary power that a law enforcement officer has over a citizen. A number of courts have talked about this power in finding vicarious liability in cases involving sexual assaults by police officers.").

\* \* \*

For the foregoing reasons, the [10] Partial Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. Mayor Bowser is dismissed from this lawsuit. In all other respects, the case may proceed.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

4