**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAQUIA BUIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **C.A. No. 16-cv-1920 (CKK)** |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia ("the District") answers the Complaint in like-numbered paragraphs.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the District.

## I.    JURISDICTIONAL STATEMENT

The District admits the existence of the statutory authority cited by Plaintiff, but denies that it necessarily confers jurisdiction over the District or that venue is proper solely by reason thereof.

## II.    INTRODUCTION

1.    The District has insufficient information to admit or denies the remaining allegations in paragraph 1.

2.    The District admits the allegations in the first sentence of paragraph 2.   The District also admits that Muriel E. Bowser is the Mayor of the District.   Mayor Bowser has been dismissed from this law suit for the reasons explained in the Court's August 30, 2017, Memorandum Opinion [19].

3.      The District admits that Defendant Darrel Best was employed with the MPD.    The
District has insufficient information to admit or deny that at all times relevant Defendant Best was
armed and in full police uniform.    The District denies that Defendant Best was acting under the
color of state or local law or was acting within the course and scope of his employment.    The
District recognizes that Plaintiff has sued Defendant Best in his official and individual capacity but
the District asserts that it cannot be held liable for Defendant Best's actions and conduct
committed outside the scope of his employment.    Mayor Bowser has been dismissed from this
law suit for the reasons explained in the Court's August 30, 2017, Memorandum Opinion [19].

### III.      ALLEGATIONS

4.      As stated, the District has insufficient information to admit or deny the allegations in the
first sentence.    The District denies all other allegations in paragraph 4.

5.      As stated, the District has insufficient information to admit or deny the allegations
paragraph 5.

6.      As stated, the District has insufficient information to admit or deny the allegations
paragraph 6.

7.      As stated, the District has insufficient information to admit or deny the allegations
paragraph 7.

8.      The District admits that in 2008, a female employee of the MPD accused Defendant Best of
inappropriately touching her and making inappropriate comments to her.

9.      The District admits that Defendant Best was demoted from sergeant to officer.    The
District denies the remaining allegations in paragraph 9.

10.      The allegations in paragraph 10 concern Defendant Best, and therefore, no response is
required.      To the extent that a response is required, the District denies liability because

Defendant Best was not acting within the scope of his employment.

11.     As stated, the District has insufficient information to admit or deny the allegations in paragraph 11.

12.     The District has insufficient information to admit or deny the allegations in paragraph 12.

13.     The District has insufficient information to admit or deny the allegations in paragraph 13.

14.     The District has insufficient information to admit or deny the allegations in the first sentence of paragraph 14.   The District denies the remaining allegations.

15.     The allegations in paragraph 15 do not pertain to the District, and therefore, no response is required.     If a response is required the District denies any inference of any wrongdoing by the District.

16.     The District has insufficient information to admit or deny the allegations in paragraph 16.

17.     The District has insufficient information to admit or deny the allegations in paragraph 17.

18.     The District admits the allegations as to Linwood Barnhill and Marc Washington.   The District has insufficient information to admit or deny the remaining allegations in paragraph 18.

19.     Paragraph 19 contains conclusions of the pleader, and therefore, no answer is required.

20.     The District has insufficient information to admit or deny the allegations in paragraph 20.

21.     The District has insufficient information to admit or deny the allegations in paragraph 21.

22.     The District has insufficient information to admit or deny the allegations in paragraph 22 because Plaintiff has not identified the effective date of the General order she is referring to.

23.     The District has insufficient information to admit or deny the allegations in paragraph 23 because Plaintiff has not identified the effective date of the General order she is referring to.

24.     Paragraph 24 requires no response as the allegations contained therein do not pertain to the District.

25.     The District has insufficient information to admit or deny the allegations in paragraph 25 because Plaintiff has not identified the source of her allegation.

26.     The District denies the allegations in paragraph 26.

27.     Paragraph 27 requires no response as the allegations contained therein do not pertain to this Defendant.   To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

28.     Paragraph 28 requires no response as the allegations contained therein do not pertain to this Defendant.   To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

29.     Paragraph 29 requires no response as the allegations contained therein do not pertain to the District.   To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

30.     Paragraph 30 requires no response as the allegations contained therein do not pertain to the District.   To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

31.     The District has insufficient information to admit or deny the allegations in paragraph 31 because Plaintiff has not identified the specific policy she is referring to.

32.     The District has insufficient information to admit or deny the allegations in paragraph 32 of the Complaint.   To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

33.     The District has insufficient information to admit or deny the allegations in paragraph 33. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

34.     The District has insufficient information to admit or deny the allegations in paragraph 34. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

35.     The District has insufficient information to admit or deny the allegations in paragraph 35. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

36.     The District has insufficient information to admit or deny the allegations in paragraph 36. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

37.     The District has insufficient information to admit or deny the allegations in paragraph 37. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

38.     The District has insufficient information to admit or deny the allegations in paragraph 38. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

39.     The District has insufficient information to admit or deny the allegations in paragraph 39. To the extent the allegations are true the District denies liability because Defendant Best was not acting within the scope of his employment.

40.     The District has insufficient information to admit or deny the allegations in paragraph 40.

41.     The District admits the allegations in paragraph 41.

42.     The District has insufficient information to admit or deny the allegations the first sentence of Paragraph 42.   The remaining allegations of Paragraph 42 require no response as the allegations contained therein do not pertain to the District.

43.     The District has insufficient information to admit or deny the allegations in paragraph 43.

**COUNT ONE**
**Deprivation of Liberty and Right to Bodily Integrity**
**(42 U.S.C. § 1983)**
**Due Process Clause of the Fifth Amendment**

44.     The District incorporates its answers to paragraphs 1 through 43 as if separately set forth

herein.

45.     The District denies that Defendant Best was acting within the scope of his duties and

employment as a MPD police officer.   The District further denies that Defendant Best was acting

under the color of law as a MPD police officer.

46.     Paragraph 46 contains legal conclusions and therefore, no response is required.   The

District denies the allegations in paragraph 46.

47.     Paragraph 46 contains legal conclusions and therefore, no response is required.   The

District denies the allegations in paragraph 46.

48.     The District denies the allegations in paragraph 48.

49.     The District denies the allegations in paragraph 49.

50.     The District denies the allegations in paragraph 50.

51.     The District denies the allegations in paragraph 51.

52.     The District denies the allegations in paragraph 52.

53.     The District denies the allegations in paragraph 53.

54.     The District denies the allegations in paragraph 54.

55.     The District denies the allegations in paragraph 55.

56.     The District denies the allegations in paragraph 56.

57.     The District denies the allegations in paragraph 57.

58.     The District denies the allegations in paragraph 58.

59.     The District denies the allegations in paragraph 59.

60.     The District denies the allegations in paragraph 60.

61.     The District denies the allegations in paragraph 61.

62.     The District denies the allegations in paragraph 62.

63.     The District denies the allegations in paragraph 63.

64.     The District denies the allegations in paragraph 64.

65.     The District denies the allegations in paragraph 65.

**COUNT TWO**
**Unlawful Seizure by a Police Officer**
**(42 U.S.C. § 1983) Fourth Amendment**

66.     The District incorporates its answers to paragraphs 1 through 65 as if separately set forth herein.

67.     The allegations in paragraph 67 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

68.     The allegations in paragraph 68 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

69.     The allegations in paragraph 69 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not

acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

70.     The allegations in paragraph 70 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

71.     The District denies the allegations in paragraph 71 because Plaintiff was not detained by a person acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies that Plaintiff was detained by a person acting under the color of law as a MPD police officer.

72.     The District denies the allegations in paragraph 72 because Plaintiff was not detained by a person acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies that Plaintiff was detained by a person acting under the color of law as a MPD police officer.

73.     The allegations in paragraph 73 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Plaintiff was not detained by a person acting within the scope of his duties and employment as a MPD police officer. Further, the District denies that Plaintiff was detained by a person acting under the color of law as a MPD police officer.

74.     The District denies the allegations in paragraph 74.

75.     The District denies the allegations in paragraph 75.

**COUNT THREE**
**(Against the District of Columbia)**
**Injunctive Relief**

76.     The District incorporates its answers to paragraphs 1 through 75 as if separately set forth herein.

77.     The District denies the allegations in paragraph 77.

78.     The District denies the allegations in paragraph 78.

79.     The District denies that Plaintiff is entitled to injunctive relief as alleged in paragraph 79.

80.     The District denies the allegations in paragraph 80.

81.     The District denies the allegations in paragraph 81.

**COUNT FOUR**
**Negligence**

82.     The District incorporates its answers to paragraphs 1 through 81 as if separately set forth herein.

83.     The District denies the allegations in paragraph 83.

84.     The District denies the allegations in paragraph 84.

85.     The District has insufficient information to admit or deny the allegations in paragraph 85 because Plaintiff has not identified the effective date of the General order she is referring to.

86.     The District denies the allegations in paragraph 86.

87.     The District denies the allegations in paragraph 87.

88.     The District denies the allegations in paragraph 88.

**COUNT FIVE**
**(Against the District of Columbia)**
**Negligence Entrustment**

89.     The District incorporates its answers to paragraphs 1 through 88 as if separately set forth herein.

9

90.     The District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

91.     Defendant denies the allegations in paragraph 91.

92.     Paragraph 92 contains legal conclusion, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

93.     Defendant denies the allegations in paragraph 93.

94.     Defendant denies the allegations in paragraph 94.

95.     Defendant denies the allegations in paragraph 95.

**COUNT SIX**
**(Against the District of Columbia)**
**Negligence Retention**

96.     The District incorporates its answers to paragraphs 1 through 95 as if separately set forth herein.

97.     The District denies the allegations in paragraph 97.

98.     The District denies the allegations in paragraph 98.

99.     The District admits the allegations in paragraph 99.

100.    The District denies the allegations in paragraph 100.

101.    The District denies the allegations in paragraph 101.

102.    The District denies the allegations in paragraph 102.

**COUNT SEVEN**
**Negligence Infliction of Emotional Distress**

103.    The District incorporates its answers to paragraphs 1 through 102 as if separately set forth

herein.

104.     The allegations in paragraph 104 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

105.     Defendant denies the allegations in paragraph 105.

106.     Defendant denies the allegations in paragraph 106.

107.     Defendant denies the allegations in paragraph 107.

108.     The allegations in paragraph 108 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

109.     The District denies liability because Plaintiff was not detained by a person acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies that Plaintiff was detained by a person acting under the color of law as a MPD police officer.

## COUNT EIGHT
### Intentional Infliction of Emotional Distress

110.     The District incorporates its answers to paragraphs 1 through 109 as if separately set forth herein.

111.     Defendant denies the allegations in paragraph 111.

112.     Defendant denies the allegations in paragraph 112.

113.     Defendant denies the allegations in paragraph 113.

114.    The allegations in paragraph 114 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

115.    The District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

**COUNT NINE**
**Sexual Abuse of a Minor**

116.    The District incorporates its answers to paragraphs 1 through 115 as if separately set forth herein.

117.    The allegations in paragraph 117 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

118.    The allegations in paragraph 118 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

119.    The allegations in paragraph 119 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not

acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

120.     The allegations in paragraph 120 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

121.     The allegations in paragraph 121 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

**COUNT TEN**
**Breach of Fiduciary Duty**

122.     The District incorporates its answers to paragraphs 1 through 121 as if separately set forth herein.

123.     The allegations in paragraph 123 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

124.     The allegations in paragraph 124 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not

acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

125.    The allegations in paragraph 125 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

126.    The allegations in paragraph 121 do not pertain to the District, and therefore, no response is required.   If a response is required, the District denies liability because Defendant Best was not acting within the scope of his duties and employment as a MPD police officer.   Further, the District denies liability because Defendant Best was not acting under the color of law as a MPD police officer.

**WHEREFORE, t**he Defendant states that Plaintiff is not entitled to compensatory damages, punitive damages, injunctive relief, reasonable attorneys' fees and cost, or any relief whatsoever from the District.

## SECOND DEFENSE

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered.

## THIRD DEFENSE

Defendant Best was not acting within the scope of his duties and employment as a MPD police officer, and therefore, the District is not liable to Plaintiff.

## FOURTH DEFENSE

Defendant Best was not acting under the color of law as a MPD police officer, and therefore, the District is not liable to Plaintiff.

## FIFTH DEFENSE

The District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards and negligence.

## SIXTH DEFENSE

The District did not act with deliberate indifference in any way that caused Plaintiff harm.

## SEVENTH DEFENSE

The District was not negligent in its supervision, training and/or retention of Defendant Best.

## EIGHTH DEFENSE

The District denies that it had an unconstitutional custom, policy or practice that was the moving force that caused Plaintiff's alleged injuries.

## NINTH DEFENSE

The District denies that it violated Plaintiff's Fifth Amendment rights.

## TENTH DEFENSE

The District denies that any of its employees acting within the scope of his/her duties and employment as a MPD police officer or acting under the color of law as a MPD police officer seized Plaintiff in violation of the Fourth and/or Fifth Amendments.

## ELEVENTH DEFENSE

The District denies that Plaintiff is entitled to injunctive relief.

## TWELFTH DEFENSE

The District denies that Plaintiff was entrusted to the care of the District and that Plaintiff reasonably relied on the District.

## THIRTEENTH DEFENSE

The District denies that any of its employees acting within the scope of his/her duties and employment as a MPD police officer or acting under the color of law as a MPD police officer subjected Plaintiff to intentional and/or negligent infliction of emotional distress.

## FOURTEENTH DEFENSE

Plaintiff may have failed to comply with D.C. Code § 12-309.

## FIFTHTEENTH DEFENSE

This action may be barred by the statute of limitations.

## SIXTEENTH DEFENSE

The District asserts the doctrine of sovereign immunity and public duty, absence of bad faith and absence of negligence.

## SEVENTEENTH DEFENSE

If Plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages was the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than this Defendant.

## EIGHTEENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional, illegal or otherwise wrongful conduct.

## JURY DEMAND

The District demands a trial by the maximum number of jurors permitted by law of all

issues so triable.

       **WHEREFORE**, having fully answered, the District respectfully urges the Court to

dismiss the complaint with prejudice as to the District of Columbia.

                         Respectfully submitted,

                         KARL A. RACINE
                         Attorney General for the District of Columbia

                         GEORGE C. VALENTINE
                         Deputy Attorney General
                         Civil Litigation Division

                         */s/ Michael K. Addo*
                         MICHAEL K. ADDO [1008971]
                         Chief, Civil Litigation Division Section IV

                         */s/ David A. Jackson*
                         DAVID A. JACKSON [471535]
                         Assistant Attorney General
                         Office of the Attorney General
                         441 Fourth Street, NW, 6 South
                         Washington, D.C.   20001
                         Direct Line: (202) 724-6618
                         Facsimile: (202) 741-8999
                         E-mail:   davida.jackson@dc.gov

                         */s/ Patricia B. Donkor*
                         PATRICIA B. DONKOR [1000455]
                         Assistant Attorney General
                         Suite 630 South
                         441 Fourth Street, N.W.
                         Washington, D.C. 20001
                         (202) 727-9624
                         (202) 741-0575 (fax)
                         Patricia.donkor@dc.gov

                         Attorneys for District Defendants

17