**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**Civil Division**

JAQUIA BUIE                              )
                                         )
     Plaintiff,                        )
                                         )
vs.                                      )     Civil Action No. 1:16-cv-01920-CKK
                                         )     Judge Colleen Kollar-Kotelly
DISTRICT OF COLUMBIA, *et. al.*          )
    Defendants                         )
                                         )
                                         )
_____        )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF IMPROPERLY WITHHELD**
**METROPOLITAN POLICE DEPARTMENT FILES**

       Comes now Plaintiff, Jaquia Buie, by and through counsel, and, pursuant to

Federal Rules of Civil Procedure 26 (b), 26 (c) and 37 (a), the terms of the Protective Order

entered on February 12, 2018 (ECF #33), and the Court's Scheduling and Procedures Order

(ECF # 24), hereby submits this memorandum in support of Plaintiff's motion to compel

discovery of certain Metropolitan Police Department files, which the Defendant District of

Columbia ("Defendant District") is improperly withholding.  Plaintiff requests an oral hearing

pursuant to LCvR 7(f).

## I.       STATEMENT OF FACTS

       This action arises from the attempted rape of Plaintiff Jaquia Buie, a minor female

at the time, in Metropolitan Police Department ("MPD") Headquarters by a veteran MPD police

officer, Darrell L. Best ("Best").  Best resigned from the police department and pled guilty to

sexual abuse of Ms. Buie and another minor female and production of child pornography.

Counts one through three of the Complaint allege two claims under 42 U.S.C. § 1983 and a claim for injunctive relief.   Counts four through eight allege Negligence, Negligent Entrustment, Negligent Retention, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress.   Plaintiff alleges, inter alia, both that Officer Best acted under color of state law and that the Defendant District is liable for Best's sexual assault of Ms. Buie by failing adequately to train, supervise, investigate and sanction MPD personnel, thereby creating a culture that condoned and/or promoted sexual misconduct.

On January 12, 2018, Defendant District filed a Revised Motion for a Protective Order with a Revised Order attached (ECF # 29).   The Revised Order that it attached to its Motion delineated several categories of information that could be designated as "Confidential" (Revised Order at 1-2).   On February 12, 2018, the Court granted Defendant District's Revised Motion for a Protective Order ("Order") and adopted the District's categories of confidentiality.   (ECF No. 33).   One of the confidential categories (category "g") was expressly intended to protect the confidentiality of victims who MPD police officers sexually assaulted.   It made confidential any "reports concerning or relating in any way to victims of sexual assaults by any employee of the District of Columbia."   (Order at 2).   Category "a" protected "personal information sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information and/or any other personal information unique to such individual." (Order at 1).

In its Order, the Court noted: "Rather than *preventing disclosure of confidential information* to Plaintiff, the protective order appropriately ensures that *upon its disclosure to Plaintiff* it is not more widely disseminated."   (Emphasis added.) As support, the Court cited the

2

Defendant's Reply Brief in which the District assured the Court that "[t]he District is not seeking a protective order to prevent the disclosure of information, but rather the purpose of the protective order is to ensure that the parties can engage efficiently in pre-trial discovery without court intervention." (Order at 1).

Until recently, the Defendant District produced files marked "Confidential" containing material from which it had redacted all personal information about the victims of sexual misconduct by MPD personnel pursuant to categories "g" and "a."  It redacted as well (except for Best), all personal information of the MPD officers accused of sexual misconduct.

The Defendant District now takes the position that it will not produce any files of MPD officers accused of sexual misconduct if the victims were children and/or minors.  *See* 10/19/18 Defendant District of Columbia's Privilege Log, attached and incorporated herein as Exhibit 1.

## II.    STANDARD OF REVIEW

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") requires a party who withholds discoverable information to describe the nature of the documents not produced in a way that enables the other party to assess the claim:

> *"Claiming Privilege or Protecting Trial-Preparation Materials.*
> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i)    expressly make the claim; and
> (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed.R.Civ.P. 26 (b)(1) articulates the scope of permissible discovery, which includes "any nonprivileged matter that is relevant to any party's claim or defense and

3

proportional to the needs of the case."   Determining whether discovery is relevant and proportional requires consideration of "*the importance of the issues at stake* in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable." (Emphasis added.)

### III.    ARGUMENT

**A.    The Defendant District of Columbia refuses to disclose highly relevant investigative police files, under the guise of privilege, because the victims are minors, even though the Court has already granted an Order that protects the personal information in these files from public disclosure.**

The investigative files of MPD officers accused of sexual misconduct, particularly those involving minors, are clearly central to Plaintiff's claims. Not only is the evidence critical to Plaintiff's case, but it is also available only through the MPD.

The 2/12/18 Protective Order already protects from disclosure personal information of victims of sexual misconduct perpetrated by MPD officers.  Consequently, there is no credible reason why the personal information in the files involving minors who have been victims of a police officer's sexual assault should be subject to any further protection: victims' personal information can be easily redacted and the files marked "Confidential," as the District has been doing with investigative files of MPD officers accused of sexual misconduct against adult victims.

In its Privilege Log, the District cites D.C. Code §§ 16-2331-2332 and Superior Court Rule 55 as prohibiting its disclosure of these files.  Yet these regulations and rules govern juvenile case records and juvenile social records of children alleged to be delinquent, neglected

4

or in need of supervision under D.C. Code § 11-1101(13), not to children who are victims of alleged sexual misconduct involving MPD police officers.  In the matter *sub judice*, the District is not withholding files of children who are delinquent, neglected or in need of supervision.  It is withholding the files of MPD officers accused of sexually abusing children.  Allowing the District to mis-apply the code sections they rely on to shield the offending officers is outside the purpose of the statute, perverse, and unjust.

D.C. Code §16-2333(a) states: "Except as otherwise provided in this section and in section 16-2333.01, law enforcement records and files concerning a child shall not be open to public inspection nor shall their contents or existence be disclosed to the public…" While this subsection prohibits "public inspection" and public disclosure of law enforcement records concerning a child, such disclosure already is prohibited in this matter by the 2/12/18 Protective Order, which prevents disclosure "concerning or relating in any way to victims of sexual assaults by any employee of the District of Columbia" (Order at 2).  It is unnecessary and duplicative to pursue the same order from the Superior Court of the District of Columbia when the MPD files in question are already protected by a federal court order.  Furthermore, D.C. Code §16-2333 (b)(5) permits inspection by "Any other person…by order of the court…) without designating which court may issue the order. The 2/12/18 Protective Order in this matter suffices as a court order.[1]

---

[1]     If an application to the Superior Court of the District of Columbia is to be filed, however, it would be the District's responsibility to do so.  D.C. Code §16-2333 (b) provides: "Inspection of such records and files is permitted by: …(3)(A) Law enforcement officers of the United States, the District of Columbia, and other jurisdictions when necessary for the discharge of their current official duties." The District's current official duties include compliance with this Court's 8/14/18 Memorandum Opinion in this matter. (ECF # 55), which requires the District to "search for records spanning the time period of 1987 through 2018 for Mr. Best's initial training

The District already has allowed review of some of the files it lists in its Privilege Log, but it refuses to provide copies of all files involving sexual misconduct against children/minors. [2] This is inappropriate.  Plaintiff is not, and has never sought, the personal information of children who were victims of MPD personnel, other than the fact of their age.  Plaintiff is interested in being provided critical evidence supporting her claims that the District failed to follow its own General Orders regarding the training, investigation and discipline of MPD personnel accused of sexual misconduct, which created a culture that allowed sexual misconduct to proliferate within the MPD.

In its 8/14/18 Memorandum Opinion, the Court carefully weighed the factors in Fed.R.Civ.P. 26 (b)(1) regarding the scope of permissible discovery and issued a comprehensive order granting most of Plaintiff's requests.  Now the District seeks to eviscerate that Order by denying Plaintiff access to the very files involving child/minor victims that are at the heart of Plaintiff's case.

**B.     The District's Privilege Log improperly includes a file that does not contain minor personal information and fails to describe the nature of the documents not produced in a manner that enables Plaintiff to assess the District's claim of privilege, as is required under FRCP Rule 26 (b)(5)(A).**

Plaintiff already reviewed a file in the Privilege Log that claims Officer Best and several other MPD officers in the 7th District were "messing with young girls."  Nothing more

---

classmates, and from 2006 through 2018 for other MPD members." (Memorandum Opinion at 15-16.)

[2]     Plaintiff's counsel submitted to the District a handful of names of MPD personnel and asked to inspect those files. Plaintiff gleaned these names from media accounts of officers arrested and charged with child sexual abuse. The District produced some of these files. After reviewing them, Plaintiff asked for copies, and the District refused. The District presumably knew at the motions hearing before the 8/14/18 Memorandum Opinion was issued that these files involved minors, yet it failed to raise this issue at the time.

was said.  No minors' names, nor or any personal information, was in the file.  Nevertheless, the District now refuses to produce a copy of the file under the guise that it involves a minor.  The District is attempting to exclude this file—and various others of a similar nature, which have already been requested—from discovery because of its damaging nature, not to protect records about a minor.  This ought not be allowed, and Plaintiff implores this Court to restrain the Districts effort to duck the gravamen of this serious litigation.

The other "investigation files" in the Privilege Log are not described in a manner that enables Plaintiff's counsel to assess the District's claim of privilege (FRCP Rule 26 (b)(5)(A)).   The log simply lists case numbers by year with a blanket description as "investigation file" or "file of ongoing investigation." Plaintiff's interest in these files is in the investigations themselves and sanctions that the MPD employed (or failed to employ), not in the names and personal identification of the victims.   The personal information involving minors could be redacted, thus protecting both the confidentiality of the persons involved and the spirit of the 2/12/18 Protective Order.  This is an obvious and shameless ploy: if the District is allowed to shield these files with a privilege log that fails to meet the mandatory requirements of FRCP 26(b)(5), then critical, discoverable evidence supporting the Plaintiff's claims may will be buried surreptitiously.   The District's refusal to produce files of MPD officers accused of sexually assaulting children and minors is nothing more than an attempt to cripple Plaintiff's claims that the District should be held liable for the sexual misconduct of its officers.

The District has also refused to produce what it claims are files subject to the law enforcement privilege.  (See Exhibit 1 at 5-6.) Plaintiff's counsel already has reviewed two of these files.   They both involved other females' allegations of sexual misconduct/harassment

7

against Officer Best.[3]   Both incidents precede Best's attempted rape of Ms. Buie in police headquarters and are highly probative.   The District has already redacted the personal information from them, so the confidentiality of the victim/complainants already is protected. Interestingly, both cases are more than three years old, Best is behind bars, there is no indication of any ongoing investigation since 2015 in the files, yet are both labeled as a "file of ongoing investigation."   The only purpose that withholding these already-redacted files concerning Best could serve would be improperly to protect the District from legitimate exposure to liability.

**C.      Plaintiff is improperly withholding files of Officers accused of domestic violence.**

Plaintiff asked the District to produce domestic violence files, again for MPD officers whose domestic violence cases were publicized in the media. In a 10/16/2018 email to Plaintiff's counsel, the District opposed production of any domestic violence cases, claiming that it was an expansion of discovery, the files were difficult to identify, and there are no claims of domestic violence in this case.[4]

There is an issue of domestic violence in this case. 'As the Court stated in its 8/14/18 Memorandum Opinion, [t]he District's response to Mr. Best's alleged prior misconduct comprise the central issue in this case." (Memorandum at 7.) Best's prior misconduct includes a

---

[3] The case numbers of these files are IS #15000662 and IS #15000682. (See Exhibit 1 at 5.)

[4] The email stated: " As for the domestic violence cases, we will not consent to your motion and oppose any attempt by you to expand the scope of discovery.   Your attempt to seek domestic violence case is unfair at this late stage of discovery, highly prejudicial and reflects your attempt to place additional burden on the District.   The problems MPD has had in identifying sexual harassment/misconduct investigative reports will create the same difficulties if MPD now had to search for domestic violence case.   Your contention that domestic violence is a sub set of sexual misconduct is purely speculative and you offer no support for your self-serving contention. There are no claims or issues of domestic violence in the Buie case."

domestic violence incident. The District already produced a Confidential, redacted copy of an Incident Summary Sheet showing that Best's wife obtained a Temporary Protection Order against him in 2007 while he was still a sergeant.

The District already uses the term "domestic violence" in its case search data. It produced an Internal Affairs Department ("IAD") list of serious misconduct cases in discovery that tracks domestic violence cases against MPD officers by "incident type" as "Domestic Violence." ("IAD Serious Misconduct Against MPD Police Officer" marked "Confidential" (DC 002271.)) Therefore, these cases would not be a problem for the MPD to identify.

Plaintiff's request for files of officers accused of domestic violence is not an expansion of discovery.   Domestic violence and serious misconduct overlap in the IAD's case system, with "domestic violence" files sub-categorized under "serious misconduct" cases, and District already has produced a list of IAD cases identifying domestic violence cases. Plaintiff requests the files already identified as "Domestic Violence" in that list (Bates Nos. DC 002271 – DC 002298).

Officer-involved domestic violence has been recognized as a major problem in a recent study funded by the U.S. Department of Justice.[5]  The International Association of Chiefs of Police ("IACP"), an organization that addresses issues confronting law enforcement, has developed a model policy on domestic violence involving police officers.[6]  The issues involved in police officer involved domestic violence are similar to those inherent in sexual misconduct

---

[5] "Police Integrity Lost: A Study of Law Enforcement Officers Arrested."  National Institute of Justice, Office of Justice Program, U.S. Department of Justice, January 2016.
[6]  IACP National Law Enforcement Policy Center, "Domestic Violence by Police Officers" Model Policy, July 2003.
https://www.theiacp.org/model-policy/...policies/domestic-violence-by-police-officers

and sexual harassment according to Plaintiff's police practices expert, whose preliminary expert report addresses training specific to sexual and domestic misconduct.  The second most frequent type of police misconduct reported by the National Police Misconduct Statistics and Reporting Project was "sexual misconduct."[7]

## IV.    CONCLUSION

The files of officers accused of sexual misconduct against children and minors are indispensable to Plaintiff's prosecution of her action against the District, and the reasons the District are using to attempt to evade disclosure are facially suspect and substantively unsound. The domestic violence cases should also be disclosed, but Plaintiff acknowledges that, although they are relevant, they lack the degree of core relevance of the files of police accused of or investigated for sexual misconduct against children and minors.  Plaintiff's implores this Court to grant this Motion to Compel Discovery for the foregoing reasons.

Respectfully submitted,

SMITH MUSTILLE, LLC

By:     _/s/ Mark A. Smith_
Mark A. Smith        Bar # 439116
2200 Pennsylvania Avenue, NW
Fourth Floor East
Washington, D.C. 20037
(202) 776-0022
877-854-1631 – fax
masmith@smithmustille.com

_/s/ Judith A. Mustille_

---

[7] National Police Misconduct Statistics and Reporting Project, 2010.

Judith A. Mustille      Bar # 455076
2200 Pennsylvania Avenue, NW
Fourth Floor East
Washington, D.C. 20037
(202) 776-0022
877-854-1631 – fax
jamustille@smithmustille.com

November 16, 2018                    *Attorneys for Plaintiff*