UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAQUIA BUIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-cv-01920 (CKK/RMM) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jaquia Buie ("Ms. Buie"), contends that Defendant District of Columbia ("the District") failed to adequately prepare its Rule 30(b)(6) witness for a December 12, 2018 deposition. Plaintiff's counsel adjourned the deposition for that reason and has asked the Court to order that the deposition be reconvened with a properly prepared witness. The District contends that it should not be required to produce a witness for a further 30(b)(6) deposition because its original witness was prepared, and Ms. Buie improperly and prematurely adjourned the deposition. Having considered the parties' arguments, the record, and applicable law, the Court concludes that the deposition should be reconvened and will order the District to designate and provide a fully prepared witness.

## BACKGROUND

Defendant Darrell L. Best ("Mr. Best") sexually assaulted Ms. Buie when he was an officer with the District of Columbia Metropolitan Police Force ("MPD"). *See Buie v. District of Columbia*, 273 F. Supp. 3d 65, 66 (D.D.C. 2017). Mr. Best pled guilty to sexually abusing Ms. Buie and was sentenced to eighteen years in prison. *Id.* Consequently, Ms. Buie sued Mr. Best,

the District, and Mayor Muriel Bowser.[1]  *See* Compl. ¶¶ 1–4, ECF No. 1.  The Complaint alleges, *inter alia*, that MPD had a practice and custom of failing to provide adequate training to prevent sexual misconduct by its officers, or to appropriately sanction or discipline officers who engaged in such conduct, thereby creating an environment that facilitated Mr. Best's assault of Ms. Buie.  *See id.* ¶¶ 48–55, 85–87, 98–100.  Ms. Buie further contends that Mr. Best had engaged in sexual misconduct before he assaulted Ms. Buie and faults the District for failing to adequately redress that conduct.  *See id.* ¶¶ 4–14, 22–26, 62–64, 87, 97–102.

On February 23, 2018, Ms. Buie served the District with a Rule 30(b)(6) Notice of Deposition.  *See* Mem. P. & A. in Supp. of Pl.'s Mot. at 11–15 ("30(b)(6) Notice"), ECF No. 41-1.  The 30(b)(6) Notice asked the District to designate an official to testify regarding, *inter alia*, three topics: (1) Mr. Best's personnel, disciplinary, and training files; (2) the disciplinary files and documents concerning the training, supervision, termination, or resignation of other MPD members involved in instances of alleged sexual misconduct and harassment; and (3) the methodology and procedures the MPD uses to make significant personnel decisions concerning MPD members involved in alleged sexual harassment or sexual misconduct.  *See id.*  Despite the District's challenge, the undersigned found that those three topics were relevant to central issues in dispute and ordered the District to designate a Rule 30(b)(6) witness to respond to those subject areas during a deposition.  *See Buie v. District of Columbia*, 327 F.R.D. 1, 7–14 (2018).

On December 12, 2018, Ms. Buie deposed the District's designated 30(b)(6) witness, Mr. Sylvan Altieri.  *See* Tr. of Deposition of Sylvan Altieri ("Altieri Tr."), ECF No. 66-1.  Mr. Altieri testified that he had prepared for the deposition by reviewing paperwork that was provided to him. Altieri Tr. 12:8–14.  That paperwork included MPD general orders, particularly those

---

[1]  Mayor Bowser has been dismissed from this action.  *See Buie*, 273 F. Supp. 3d at 69.

involving disciplinary actions and serious misconduct, and certain case files.  Altieri Tr. 15:1–16:6.

After approximately an hour of testimony, Ms. Buie's counsel terminated the deposition because he believed that Mr. Altieri's responses to the questions posed revealed that Mr. Altieri was not sufficiently prepared for the deposition.  Altieri Tr. 55:17–58:19.  Specifically, when asked whether he had reviewed the "the Janice Lee case," Mr. Altieri stated that he did not recall whether he had done so.  Altieri Tr. 15:7–8.  In addition, when asked what the Lee case and Renit Jones case pertained to, Mr. Altieri stated that he did not recall.  Altieri Tr. 15:5–12.  Plaintiff's counsel also was dissatisfied with Mr. Altieri's responses to questions about the average number of cases that MPD's Internal Affairs Division ("IAD") received.  Altieri Tr. 54:5–6, 56:5–59:4.  When Plaintiff's counsel suspended the deposition, the District stated for the record that the witness was "ready to testify" and that the District would not make the witness available for a further deposition absent a court order.  Altieri Tr. 58:20–59:4.

On December 13, 2018, the parties presented this discovery dispute to the Court, and Judge Kollar-Kotelly referred the dispute to the undersigned.  *See* 12/12/2018 Min. Order.  The parties submitted a summary of their dispute and a copy of the deposition transcript to the undersigned via electronic mail on December 14, 2018.  *See* 12/14/2018 Email to Magistrate Judge Meriweather Chambers ("Email Brief"),  ECF No. 66-2.  The undersigned held a motions hearing on January 3, 2019.  After the hearing, the parties filed the deposition transcript and the email summarizing their respective positions.  *See* Notice, ECF No. 66.

## LEGAL STANDARD

Rule 30(b)(6) allows a party to depose a corporation or government entity through representatives designated to speak on behalf of the entity.  *See* FED. R. CIV. P. 30(b)(6);

*McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C.1999). The 30(b)(6) deponent "should not only testify about matters within his or her own personal knowledge, but also about matters [of] which the receiving entity has reasonable knowledge and access." *McKesson*, 185 F.R.D. at 79. The primary purpose of a Rule 30(b)(6) deposition is to prevent "bandying," the practice in which individuals within a corporation are deposed in turn but each disclaims knowledge of the facts that are clearly known to individuals within the organization and thereby to the organization itself. *See* FED. R. CIV. P. 30(b)(6), advisory committee's notes to 1970 amendment; *see also Banks v. Office of the Senate Sergeant-at-Arms*, 241 F.R.D. 370, 372 (D.D.C. 2008).

A party that has been served with a 30(b)(6) deposition notice that describes with reasonable particularity the matters on which examination is requested has several responsibilities. *See Alexander v. FBI*, 186 F.R.D. 137, 139–41 (D.D.C.1998). First, the responding party must designate a deponent knowledgeable on the subject matter identified as a topic of inquiry. *See id.* at 141. Second, if more than one deponent is necessary to respond to all necessary topics, the responding party must designate multiple deponents. *Id.* Third, the responding entity must prepare the deponent so that he or she can testify on matters within his or her personal knowledge as well as those "reasonably known" by the responding entity. *Id.; Myrdal v. District of Columbia*, 248 F.R.D. 315, 317 (D.D.C. 2008); *accord Prasad v. George Wash. Univ.*, 325 F.R.D. 1, 6 (D.D.C. 2018). Finally, the responding entity has a duty to substitute an appropriate deponent "when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry." *Alexander*, 186 F.R.D. at 141.

## ANALYSIS

The parties' discovery dispute presents a straightforward question: Did Mr. Altieri's testimony demonstrate that he was inadequately prepared to testify as a 30(b)(6) witness regarding the noticed topics, or did Plaintiff's counsel prematurely and improperly suspend the deposition?  Ms. Buie contends that Mr. Altieri was unable to answer fundamental questions regarding the IAD and past investigations of sexual misconduct involving Mr. Best, that suspending the deposition was a reasonable response to that situation, and that reconvening the deposition is the proper remedy for the District's failure to meet its Rule 30(b)(6) obligations. *See* Email Brief at 1.  The District counters that the witness was prepared and asserts that Ms. Buie has waived her right to reconvene the deposition because the premature termination of the deposition was not justified.  *See id.* at 1–2.  Although counsel could have more fully developed this issue during the deposition, Mr. Altieri's answers suggest that he lacked familiarity with critical areas of inquiry.  Accordingly, for the reasons set forth below, the Court will order the District to provide a fully prepared 30(b)(6) witness for further questioning on the noticed topics.

Ms. Buie's 30(b)(6) Notice asked the District to testify about Mr. Best's personnel, disciplinary, and training files and the disciplinary files and documents concerning the training, supervision, termination, or resignation of other MPD members involved in instances of alleged sexual misconduct and harassment.  *See* 30(b)(6) Notice at 14.  That notice, paired with this Court's prior ruling, should have alerted the District that its witness should be prepared to address prior instances of alleged sexual misconduct by Mr. Best or other MPD officers, including any files related to disciplinary actions or IAD investigations of the alleged misconduct.  As the Court previously observed, "Mr. Best's conduct, the scope of any training

and supervision that might have deterred sexual misconduct and his assault of Ms. Buie, and the District's response to Mr. Best's alleged prior misconduct comprise the central issues in this case," the relevance of which "can hardly be overstated." *Buie*, 327 F.R.D. at 8.

Mr. Altieri's inability to recall whether he had reviewed the Janice Lee case files, or to recall what that case or the Renit Jones case concerned, suggests that he was inadequately prepared for the deposition. Ms. Buie asserts that both the Lee and Jones case files concerned investigations of prior sexual misconduct committed by Mr. Best; the District has not disputed that description of the files' contents. *See* Email Brief at 1. Ms. Buie further asserts that Mr. Best was demoted based on an incident of misconduct addressed in one of those case files. *See id*. As both cases concerned a central issue in this matter which was clearly within the scope of the 30(b)(6) notice, the District "ha[d] an obligation to educate its witnesses so that they are prepared to testify" about those files. *Buie*, 327 F.R.D. at 8. Mr. Altieri's apparent lack of familiarity with those files suggests that the District failed to meet that duty.

The Court recognizes that Mr. Altieri may have been familiar with the investigations and misconduct allegations discussed in the Jones and Lee case files, but simply unable to recall them when prompted only by the names. Unfortunately, neither party's counsel developed a record to clarify whether that was true. Plaintiff's counsel could have rephrased the question or asked follow-up questions to probe Mr. Altieri's knowledge and establish whether Mr. Altieri was truly incapable of testifying about those prior instances of misconduct. Defense counsel could have asked questions on redirect or asked to take a break so that Mr. Altieri could refresh his recollection by reviewing the files. The apparent acrimony between counsel likely contributed to counsel's failure to pursue such measures before the deposition was suspended.

As the transcript does not corroborate the District's assertion that Mr. Altieri was fully prepared to address the relevant topics — which would require him to be familiar with and able to testify about the Jones and Lee case files — the Court will allow Ms. Buie to reconvene the 30(b)(6) deposition. The District's apparent "failure to educate its 30(b)(6) witness with respect to the [District's] full knowledge of topics noticed for the deposition is effectively a failure to appear." *Covad Comm'ns Co. v. Ravonet*, 267 F.R.D. 14, 24 (D.D.C. 2012) (internal citation omitted). However, this ruling should not be construed as an invitation to suspend future depositions if counsel is dissatisfied with the witness's answers. If a similar situation arises again, counsel should take intermediate steps to thoroughly confirm the scope of the witness's knowledge of a noticed topic, or at a minimum allow opposing counsel to explore that issue on redirect, before ending a deposition.

Finally, the combative behavior that counsel exhibited during the deposition and motions hearing warrants a reminder regarding civility. "While lawyers have an obligation to represent clients zealously . . . incivility to opposing counsel, adverse parties . . . and other participants in the legal process demeans the legal profession, undermines the administration of justice, and diminishes respect for both the legal process and results of our systems of justice." D.D.C. R. App. A at 130. Counsel must remain professional despite their disagreements and adversarial positions.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the District shall designate and present a witness to testify at a reconvened Rule 30(b)(6) deposition, which should be held on a mutually agreeable date selected by the parties. The District shall have the discretion to

select an appropriate deponent and should ensure that the witness is prepared to testify regarding the noticed topics.

Date: <u>February 15, 2019</u>                                         _____
                                                                      ROBIN M. MERIWEATHER
                                                                      UNITED STATES MAGISTRATE JUDGE