UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAQUIA BUIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 16-cv-1920 (CKK)(RMM) |

**DISTRICT OF COLUMBIA'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE ROBIN M. MERIWEATHER'S MEMORANDUM OPINION AND ORDERS DATED FEBRUARY 15, 2019 AND FEBRUARY 22, 2019**

Defendant District of Columbia files its written objections to two Memorandum Opinions and Orders [ECF No. 67 and 69] issued by Magistrate Judge Robin M. Meriweather on February 15, 2019 and February 22, 2019, respectively. Specifically, as to the February 15, 2019, Memorandum Opinion and Order, the District avers that it should not be ordered to re-submit to a deposition, pursuant to Fed. R. Civ. Pro. 30(b)(6), because Plaintiff unilaterally and without just cause terminated the deposition. Thus, the District asserts that there was clear error.

As to the February 22, 2019, Memorandum Opinion and Order, the District avers that it should not be ordered to produce domestic violence investigation reports completed by the Metropolitan Police Department because Plaintiff did not request domestic violence investigations in her request for production of documents, the relevance of these documents to the current litigation is purely speculative, and the deadline to produce the documents was unreasonable. The District avers that this order was clearly erroneous and contrary to law.

For the reason explained in the memorandum of points and authorities that accompany this motion, the February 15, 2019 order should be set aside and the part of the February 22,

2019 order requiring the District to produce domestic violence investigation report should be set aside. To the extent that this Court declines to set aside the part of the February 22, 2019 order being challenged in this motion, the District request that the order be modified, by extending for 30 days from the date of this Court's ruling, the deadline by which the District must produce the eighty (80) domestic violence investigation reports.

## LCvR 7(m) Certification

Plaintiff, through her attorneys, does not consent to the relief sought in this written objection to magistrate judge's orders.

>
> Respectfully Submitted,
>
> KARL A. RACINE
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> /s/Michael K. Addo
> MICHAEL K. ADDO [1008971]
> Chief, Civil Litigation Division Section IV
>
> /s/Alicia M. Cullen
> Alicia M. Cullen [1015227]
> Chief, Civil Litigation Division, Section III
> 441 Fourth Street, NW, Suite 630S
> Washington, D.C. 20001
> (202) 442-9840
> (202) 715-7721 (fax)
> alicia.cullen@dc.gov
>
> /s/David A. Jackson
> DAVID A. JACKSON [471535]
> Assistant Attorney General
> 441 Fourth Street, NW, Suite 630S
> Washington, D.C. 20001
> (202) 724-6618
> (202) 741-8999 (fax)
> davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAQUIA BUIE, ) | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-cv-1920 (CKK)(RMM) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE ROBIN M. MERIWEATHER'S MEMORANDUM OPINION AND ORDERS DATED FEBRUARY 15, 2019 AND FEBRUARY 22, 2019**

Defendant District of Columbia files its written objections to two Memorandum Opinion and Order [ECF No. 67 and 69] issued by Magistrate Judge Robin M. Meriweather on February 15, 2019 and February 22, 2019, respectively.  The District asserts the Magistrate Judge Meriweather's orders were clearly erroneous and contrary law, and therefore, should be set aside.

**Nature of the Issues**

As to the February 15, 2019, Memorandum Opinion and Order, the District avers that it should not be ordered to re-submit to a deposition, pursuant to Fed. R. Civ. Pro. 30(b)(6), because Plaintiff unilaterally and without just cause terminated the deposition.  As to the February 22, 2019, Memorandum Opinion and Order, the District avers that it should not be ordered to produce domestic violence investigation reports completed by the Metropolitan Police Department because Plaintiff did not request domestic violence investigations in her request for production of document, the relevance of these documents to the current litigation was purely speculative, and the deadline to produce the documents was unreasonable.

For the reasons more fully explained in the memorandum of points and authorities the February 15, 2019 order should be set aside and the part of the February 22, 2019 order requiring the District to produce domestic violence investigation report should be set aside.  To the extent that this Court declines to set aside the part of the February 22, 2019 order being challenged in this motion, the District requests that the order be modified, by extending for 30 days from the date of this Court's ruling, the deadline by which the District must produce the eighty (80) domestic violence investigation reports.

## Standard of Review

A party dissatisfied with an order issued by a  magistrate judge may file with the district court trial judge written objections to the order.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LCvR 72.2(b).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Where the dispute between the parties relates to discovery issues, "the magistrate judge's decision is entitled to great deference and will not be disturbed unless found to be clearly erroneous or contrary to law." *Collett v. Socialist Peoples' Libyan Arab Jamahiriya*, 448 F. Supp. 2d 92, 95 (D.D.C. August 24, 2006) (quoting *Boca Investerings Partnership v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998) (internal quotations omitted)).  Under the clearly erroneous standard, the trial judge must "affirm the magistrate judge's determination on a nondispositive issue unless on the entire evidence the district court is left with the definite and firm conviction that a mistake has been committed." *Evans v. Atwood*, No. 96-cv-2746, 1999 U.S. Dist. LEXIS 17545, at *5 (D.D.C. September 29, 1999) (quoting *Boca Investerings Partnership*).

**Argument**

**February 15, 2019 Memorandum Opinion and Order**

I.  **The February 15, 2019 Memorandum Opinion and Order should be set aside because the order requiring the District to re-submit to a Rule 30(b)(6) deposition was clearly erroneous**

On December 12, 2018, Lieutenant Sylvan Altieri, Internal Affairs Division (IAD) appeared for a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Exhibit (Ex.) 1-Altieri Deposition Transcript (Dep. Tr.). Lieutenant Altieri's appearance was in response to Plaintiff's November 27, 2018 deposition notice ("the Notice"). Ex. 2- Notice of Deposition. The parties previously had litigated issues concerning the 30(b)(6) depositions because the District was not clear as to certain definitions contained in the notice and the scope for the topics to be covered. Those issues were resolved, however, when Magistrate Judge Robin issued her August 14, 2018 Memorandum Opinion [55]. Accordingly, the District was required produce 30(b)(6) witnesses to testify "about Mr. Best's personnel, disciplinary, and training files and the disciplinary files and documents concerning the training, supervision, termination, or resignation of other MPD members involved in instances of alleged sexual misconduct and harassment." February 15, 2019 Memorandum Opinion and Order (Feb. 15th Memo Op.) at 5. The District was also required to produce a 30(b)(6) witness to testify about "IAD investigations of alleged misconduct." *Id*. The District met its obligations under both Plaintiff's deposition notice and Magistrate Judge Meriweather's August 14, 2018 order.

On November 13, 2018, then Assistant Attorney General Alicia Cullen,[1] sent Plaintiff's attorneys an email in which she provided the names of the District's 30(b)(6) witnesses and the

---

[1] Ms. Cullen is now a Section Chief.

topic about which each witness was designated to testify.[2]  Ex. 3-Alicia Cullen's November 13, 2018 Email.  Plaintiff did not object to information provided in the email.  Alfonso Lee, Director of the EEO Investigation Division, testified about EEO training and investigations; Angela Simpson, Director of Human Resource Management Division, testified about Best's personnel history including past disciplinary conduct; Lieutenant Arthur Davis, Academic Branch at MPD training academy, testified about the training provided to all MPD sworn members; and Inspector/Director Michael Gottert, Disciplinary Review Division testified about the role his office plays in the disciplinary process.  At no time did Plaintiff claim that the testimony provided by these witnesses was inadequate.

In finding that the District failed to meet its obligation to present a well-prepared corporate designee, Magistrate Judge Meriweather focused on a single fact: Lieutenant Altieri's apparent lack of familiarity with the Raynette Jones and Janice Lee investigations.  February 15th Memo. Op. at 3 and 6.  This was clear error.  Lieutenant Altieri testified that he reviewed the Jones investigation, but he could not remember if he had also reviewed the Janice Lee investigation.  Ex. 4-Declaration of Sylvan Altieri (Altieri Decl.) at ¶ 4; Dep. Tr. at P15:5-8; P16:13-16.  Plaintiff's attorney, Mark Smith, never even attempted to question Lieutenant Altieri on the Lee case to test his recollection of that matter.[3]

As for the Jones case, Attorney Smith used the Jones case to question Lieutenant Altieri about "how cases come into IAD and how they are to proceed."  Altieri Decl. ¶ 13; Dep. Tr. P17:9-14.  Attorney Smith did not indicate to Lieutenant Altieri that his testimony on this topic

---

[2] In fairness to Magistrate Judge Merriweather, she did not have the benefit of this email as it was not  put before her nor was it mentioned by counsel for the District.

[3] On May 9, 2018, Plaintiff took the deposition of Agent/Sergeant Nicole Webster, Internal Affairs Division, who handled both the Jones and Lee investigations.  Agent Webster was questioned extensively about those investigation, especially the Jones investigation.

was inadequate.  Moreover, Attorney Smith stated that he would further question Lieutenant Altieri about "some specific things about [the Jones] case" but he never did.  Altieri Decl. ¶ 14 (Dep. Tr. P17:11-14).

To determine whether Lieutenant Altieri was not adequately prepared, to answer question regarding the Jones or Lee case, this Court must review the entire evidence.  *Autor v. Blank*, 161 F. Supp. 3d 111, 113 (D.D.C. January 20, 2016) ("Under that deferential standard, a magistrate judge's factual findings or discretionary decisions must be affirmed unless, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed") (quoting *Am. Ctr. for Civil Justice v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011), in turn quoting *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507, 508 (D.D.C. 1990)).  Reviewing the record as a whole, it was clearly erroneous for Magistrate Judge Meriweather to conclude that Lieutenant Altieri was inadequately prepared to testify at his 30(b)(6) deposition.

Lieutenant Altieri's declaration and the deposition transcript demonstrates that Lieutenant Altieri was adequately prepared to testify.  Without any complaints or objections from Mr. Smith, Lieutenant Altieri testified on the following topics: 1) questions regarding how cases come into IAD for investigation, Altieri Decl. ¶ 13; Dep. Tr. P17:15-P20:16; 2) questions regarding how incident summary (IS) numbers and IAD numbers are generated for and assigned to a complaint against MPD employees, Altieri Decl. ¶ 17; Dep. Tr. P20:17-P26:15; 3) questions regarding how other numbers are assigned to investigations, such as use-of-force investigations, Altieri Decl. ¶ 17; Dep. Tr. P26:16-P27:15; P28:11-30:5; 4) questions regarding incident reports and about the automated reporting processing system known as Cobalt, Altieri Decl. ¶ 18; Dep. Tr. P27:16-P28:10; 5) the organizational chart of the IAD, the MPD chain of command in

relation to the Internal Affairs Bureau (IAB), the three investigative units/squads, the tasks performed by the Technical Support Unit (TSU), Altieri Decl. ¶ 19; Dep. Tr. P35:9-P42:9; and 6) the "methodologies for gathering information at Internal Affairs Division," Altieri Decl. ¶ 20; Dep. Tr. P39:18-42:5.

Additionally, Lieutenant Altieri testified as to: 1) the names of the Lieutenants who oversee the other two investigations squads, Altieri Decl. ¶ 21; Dep. Tr. P42:10-43:14; 2) the number of staff for the three investigative units within IAB, Altieri Decl. ¶ 23; Dep. Tr. P43:15-P45:15; and 3) the number of sworn members within MPD, Altieri Decl. ¶ 24; Dep. Tr. P43:15-P45:15. Mr. Smith never accused Lieutenant Altieri of being inadequately prepared to testify to any of the above topics. If the deposition had not been suspended Lieutenant Altieri was prepared to testify to the following: elaborate on any of the topics indicated above; how IAD conducts it investigations, how IAD interactions with other departments within MPD and outside agencies, and how cases are processed through IAD. Altieri Decl. ¶ 29. Lieutenant Altieri could also have testified about the Jones case because he told Mr. Smith that he had read the investigation report.

The deposition transcript shows that Mr. Smith suspended the deposition only because Lieutenant Altieri did not know the "calculated average" of "cases … generated with IAD on a regular basis." Altieri Decl. ¶ 28; Dep. Tr. 54:1-20. Contrary to Mr. Smith's assertion, there was no bases for Lieutenant Altieri to have foreseen that such a question would be asked of him at the deposition. There is nothing in the deposition notice that would have alerted Lieutenant Altieri that he needed to be prepared to answer statistical questions. Plaintiff failed to meet her obligation to "describe with reasonable particularity the matters for examination," especially as to the statistical information she sought from Lieutenant Altieri. Fed. R. Civ. Pro. 30(b)(6); see

*Covad Communs. Co. v. Revonet, Inc.*, 267 F.R.D. 14, 24-26 (D.D.C. 2012).  Moreover, Plaintiff never sought such information in her interrogatories, requests for production of documents or requests for admissions.  Mr. Smith created a controversy where no such controversy existed.  Mr. Smith's decision to suspend the deposition was premature, arbitrary and unreasonable and therefore, the District should not have to return for another deposition.  Accordingly, Magistrate Judge Meriweather's February 15, 2019, Memorandum Opinion and Order [ECF No. 67] should be set aside.

### February 15, 2019 Memorandum Opinion and Order

**II.     The February 22, 2019, Memorandum Opinion and Order should be set aside, in part, because the order requiring the District to produce domestic violence related investigation reports exceeds Plaintiff's discovery requests and therefore, was clearly erroneous and contrary to law**

The February 22, 2019, Memorandum Opinion and Order requiring the District to produce domestic violence investigation reports should be set aside because Plaintiff did not request domestic violence investigations in her requests for production of documents and the relevance of these documents to the current litigation is purely speculative.[4]

On December 8, 2017, Plaintiff served on the District a request for production of documents.  Ex. 5-Plaintiff Jaqua Buie's First Set of Request for Production of Documents to Defendant District of Columbia.  In her request number 7, Plaintiff sought the following:

> From the time period January 1, 2014 to December 31, 2017, any and all documents

---

[4] The District does not challenge the February 22, 2019, order to the extent that the District was required to produce by March 4, 2019, investigation reports concerning allegations regarding the abuse of children.  The District withheld eighteen files and seventeen of those files were produced on March 4, 2019.  One file was only partial produced but that was done in error.  When Plaintiff's counsel brought it to our attention the following day, the file was promptly produced.  MPD had a difficult time locating a 2011 investigation report because that case was not assigned an investigation number (e.g., IS, IAD or DRD).  However, after doing a name search, the file was located late evening of March 4, 2019, and produced the following day.  Thus, all investigation files withheld by the District, pursuant to the District's confidentiality statutes protecting the disclosure records pertaining to children, have now been produced.

>that refer or relate to, or were considered or consulted, as to any allegations, investigations, or findings of serious misconduct, or any disciplinary, probationary, or legal actions of any kind for serious misconduct against any sworn MPD police officer by any officials or representatives of Defendant District.

Plaintiff Jaqua Buie's First Set of Request for Production of Documents to Defendant District of Columbia, # 7.  The District interpreted this request as seeking only those records concerning and relating to sexual harassment and/or sexual misconduct by members of the MPD.  The District's reasoning was appropriate because the instant case concerns allegations that former police officer Best sexually harassed and/or sexually assaulted Plaintiff, another minor and his co-workers.

The issue concerning the production of domestic violence investigative reports first arose approximately nine months later when the District, in a letter dated September 10, 2018, objected to the production of investigation report concerning alleged domestic violence against two MPD sworn members.  Ex. 6-September 10, 2018 Letter.   The District objected on the grounds that the request was non-responsive to the request for production of documents because these reports concerned domestic violence and there were no allegations of sexual misconduct in either report. *Id*.  In a responsive letter, dated October 4, 2018 and an email dated October 10, 2018, Plaintiff indicated that she intended to file a motion to compel because Plaintiff believed that domestic violence was a "subset of sexual misconduct."  Ex. 7- October 4, 2018 Letter; Ex. 8- October 10, 2018 Email.  On October 16, 2018, the District sent Plaintiff an email, in which the District further objected to Plaintiff's informal request for domestic violence investigation reports on several grounds, including the fact that Plaintiff had not served the District with a document request for such records as required by Rule 34.  Ex. 9- October 16, 2018.[5]  To date, Plaintiff has

---

[5] None of the above referenced emails and letters were made available to Magistrate Judge Meriweather by either party.

not served the District with a request for production of documents relating to domestic violence investigative reports.

Moreover, when Plaintiff filed her first motion to compel [41] she did not raise any concerns about not having received domestic violence reports.  Further, during subsequent telephonic hearings before Magistrate Judge Meriweather, Plaintiff did not raise the issue.  *See* ECF Docket Entries dated August 24, 2018 and August 30, 2018.

The February 22, 2019, Memorandum Opinion and Order should be set aside because Plaintiff did not serve on the District a request for production of documents that "describe[d] with reasonable particularity" the documents-domestic violence-she now seeks. Fed. R. Civ. Pro. 34(b)(1)(A).  The order compelling the District to produce the domestic violence records was not proper under Rule 37(a)(3)(B), which allows a party to move to compel discovery when documents are not produced in response to a request for documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).  No such request has been made in this case.

Magistrate Judge Meriweather found that Plaintiff "has demonstrated that records of investigations into MPD officers' alleged domestic violence are relevant to her claims."  Memo. Op. at 11 [ECF # 69].  However, there are no facts in the record or in the memorandum opinion to support this finding.  Plaintiff's assertion, in her letter dated October 4, 2018 (Ex. 7), that domestic violence was a "subset of sexual misconduct" is purely speculative and not supported by any authority.  Thus, there was no basis for Magistrate Judge Meriweather to conclude that the domestic violence  reports were relevant to Plaintiff's claims in this law suit.

Additionally, in the context of this case, it was clearly erroneous for Magistrate Judge Meriweather to interpret "Serious  misconduct" and "suspected criminal misconduct" so broadly even though the MPD General Order 120.23 defines those terms to include "civil suits against an officer for off-duty misconduct (while not acting in an official capacity) alleging physical

violence, threats of physical violence, racial bias, dishonesty, or fraud." Memo. Op. at 10 [ECF # 69]. Such a broad definition could potentially be used to demand that the District produce all reports concerning any form of violence: emotional, physical, psychological or any other type of "misconduct." There simply was no basis for a broad interpretation of Plaintiff's document request.

Further, Plaintiff's informal request for domestic violence investigation reports does not distinguish between those reports were there is some allegation of sexual misconduct and those reports were there are no such allegations. Thus, Plaintiff request is disproportionate to the needs of this case and therefore, may by properly withheld under Rule 26(b)(1).

### III.     The deadline for the District to produce domestic violence investigation reports should be 30 days after this Court issue a ruling on the matter now before the Court

If this Court declines to set aside the February 22, 2019, Memorandum Opinion and Order requiring the District to produce domestic violence investigation reports, the District requests that the deadline be set for 30 days after the Court issues a ruling. After receiving the Magistrate Judge Meriweather's February 22, 2019 order, the District promptly requested the 80 files and MPD has forwarded the reports to the Office of the Attorney General. However, the redaction process is time consuming as the District needs to ensure that names of family members, especially children, witnesses, mental health professionals, medical and psychology information, addresses, dates of birth, social security numbers and any other personal information is redacted from the records. It took the District two weeks to produce the eighteen files concerning children, so 30 dates to produce the 80 domestic violence files is a reasonable request.

**Conclusion**

For the reasons stated above, the Memorandum Opinion and Order [ECF No. 67 and 69] issued by Magistrate Judge Robin M. Meriweather on February 15, 2019 and February 22, 2019, respectively, should be set aside.

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Michael K. Addo
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

/s/Alicia M. Cullen
Alicia M. Cullen [1015227]
Chief, Civil Litigation Division, Section III
441 Fourth Street, NW, Suite 630S
Washington, D.C. 20001
(202) 442-9840
(202) 715-7721 (fax)
alicia.cullen@dc.gov

/s/David A. Jackson
DAVID A. JACKSON [471535]
Assistant Attorney General
441 Fourth Street, NW, Suite 630S
Washington, D.C. 20001
(202) 724-6618
(202) 741-8999 (fax)
davida.jackson@dc.gov