UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JAQUIA BUIE | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:16-cv-01920 (CKK/RMM) |
| | ) |
| DISTRICT OF COLUMBIA, *et. al.* | ) |
|    Defendants | ) |
| | ) |
| | ) |

**MEMORANDUM OF POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S WRITTEN OBJECTIONS**

Comes now Plaintiff, Jaquia Buie, by and through counsel, and hereby submits this memorandum in opposition to the District of Columbia's ("the District") Written Objections to Magistrate Judge Robin M. Meriweather's Memorandum Opinion and Orders Dated February 15, 2019 and February 22, 2019 ("Objections").

## BACKGROUND

On February 15, 2019, Magistrate Judge Robin Meriweather issued a Memorandum and Order directing the District to designate and present a witness to testify at a reconvened Rule 30(b)(6) deposition at a mutually agreeable date. The Order required the District to select an appropriate deponent and ensure that the witness is prepared to testify regarding the noticed topics (ECF No. 67 7-8).

On February 22, 2019, Magistrate Judge Meriweather issued another Memorandum and Order, which ordered the District (1) to produce within ten days the investigative records concerning minor victims that it had previously improperly withheld (ECF No. 33); and (2) within fourteen days to produce the files from domestic violence investigations

that were identified on the spreadsheet filed as Exhibit 1 to Plaintiff's Reply Memorandum (ECF No. 62-1). The District filed written objections to each Memorandum and Orders (ECF No. 73).

## STANDARD OF REVIEW

"A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute. FED. R.CIV.P. 72(a); LCVR 72.2. Upon review, "the magistrate judge's decision is entitled to great deference" and will not be disturbed "unless found to be 'clearly erroneous or contrary to law." *Boca Investerings P'ship v. United States,* 31 F.Supp.2d 9, 11 (D.D.C.1998). "Under that deferential standard, a magistrate judge's factual findings or discretionary decisions must be affirmed unless, 'although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Autor v. Blank* 161 F. Supp.3d 111,113 (2016), citing *Am. Ctr. for Civil Justice v. Ambush*, 794 F.Supp.2d 123, 129 (D.D.C.2011), quoting *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507, 508 (D.D.C.1990).

## THE MAGISTRATE JUDGE'S FINDING

**The Magistrate Judge found that the District's designated 30(b)(6) witness, Mr. Sylvan Altieri, lacked familiarity with critical areas of inquiry and was inadequately prepared for the deposition.**

Magistrate Judge Meriweather concluded that "the deposition should be reconvened and . . . order[ed] the District to designate and provide a fully prepared witness." (ECF No. 67-5). Among the findings that led to this decision were the following:

- Mr. Altieri's inability to recall whether he had reviewed the Janice Lee case files, or to recall what that case or the Renit Jones case concerned,[1] suggests that he was inadequately prepared for the deposition. (ECF No. 67-6)

---

[1] Excerpt from Deposition Transcript of Sylvan Altieri:

- As both cases concerned a central issue in this matter which was clearly within the scope of the 30(b)(6) notice, the District 'ha[d] an obligation to educate its witnesses so that they are prepared to testify' about those files. *Id.*

- . . . [T]he transcript does not corroborate the District's assertion that Mr. Altieri was fully prepared to address the relevant topics—which would require him to be familiar with and able to testify about the Jones and Lee case files. (ECF No. 67-7).

- Although counsel could have more fully developed this issue during the deposition, Mr. Altieri's answers suggests that he lacked familiarity with critical areas of inquiry. (ECF No. 67-5).

- [Plaintiff's deposition] . . . notice paired with this Court's prior ruling should have alerted the District that its witness should be prepared to address prior instances of alleged sexual misconduct by Mr. Best or other MPD officers, including any files related to disciplinary actions or IAD investigations of the alleged misconduct." (ECF No. 67-5)

- Mr. Best's conduct, the scope of any training and supervision that might have deterred sexual misconduct and his assault of Ms. Buie, and the District's response to Mr. Best's alleged prior misconduct comprise the central issues in this case," the relevance of which "can hardly be overstated. *(Citation omitted)* (ECF No. 67-5-6

---

5 Q. Did you look at the Renit Jones [case]?

6 A. I believe I did, sir, yes.

7 Q. Did you look at the Janice Lee case?

8 A. I don't recall if I did or not, sir.

9 Q. Do you know what those cases pertain to?

10 A. I don't recall, sir.

11 Q. You don't recall what they pertain to?

12 A. No, sir.

*See* Deposition of Sylvan Altieri ("Altieri Tr."), ECF-66-1, 15:5-12.

## **DISCUSSION: FEBRUARY 15, 2019, DECISION**

These findings must be affirmed, unless upon review of the existing deposition transcript this Court is left with the firm and definite conviction that a mistake has been made. The District contends that Magistrate Judge Meriweather committed "clear error" because she purportedly "focused on a single fact." (District of Columbia's Written Objections to Magistrate Judge Robin M. Meriweather's Memorandum Opinion and Orders dated February 15, 2019 and February 22, 2019" ("Objections") ECF No. 73-6).  The contention that she focused on a "single fact," however, is a misleading characterization, because the Magistrate Judge's decision against the District involved two separate sexual misconduct Internal Affairs Division ("IAD") investigations of then Sergeant Darrell L. Best.  Nevertheless, the District fails to demonstrate or explain why—even if what it self-servingly characterizes as a "single fact" was the linchpin of the Magistrate Judge's decision—it constituted clear error through obvious breach of a legal standard.  In contrast, quoting applicable legal authority, the Magistrate Judge, among other things, held that "[t]he District's apparent 'failure to educate its 30(b)(6) witness with respect to the [District's] full knowledge of topics noticed for the deposition is effectively a failure to appear.'" *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 24 (D.D.C. 2010) (internal citation omitted)." (ECF No. 67-7.)

Instead of crafting a written objection that presented a legal standard relevant to the instant discovery dispute and attempting to show a breach of that standard—which could then be proffered as something clearly erroneous or contrary to law—the District opted instead simply repeatedly to contradict the findings of Magistrate Judge Meriweather and attempt to displace them with its own:

> Lieutenant Altieri's declaration[2] and the deposition transcript demonstrate[] that Lieutenant Altieri was adequately prepared to testify. (ECF No. 73-7.)

The Magistrate Judge evaluated the entire evidence (the transcript from the deposition) and came to the opposite conclusion: "…the transcript does not corroborate the District's assertion that Mr. Altieri was fully prepared to address the relevant topics—which would require him to be familiar with and able to testify about the Jones and Lee case files…" (ECF No. 67-7.)  Again, referencing no legal standard that shows the Magistrate Judge's decision is clearly erroneous, the Defendant simply declares,

> Reviewing the record as a whole, it was clearly erroneous for Magistrate Judge Meriweather to conclude that Lieutenant Altieri was inadequately prepared to testify at his 30(b)(6) deposition. (ECF 73-7.)

In contrast, the Magistrate Judge's opinion contains a legal standard by which to measure the legal soundness of her decision.  It reads, in relevant part, that " . . . the responding party must designate a deponent knowledgeable on the subject matter identified as a topic of inquiry."[3] (ECF No. 67-4.)  The Magistrate Judge found that, "[Plaintiff's deposition] notice, paired with this Court's prior ruling, should have alerted the District that its witness should be prepared to address prior instances of alleged sexual misconduct by Mr. Best or other MPD officers, including any files related to disciplinary actions or IAD investigations of the alleged

---

[2]  Lieutenant Altieri's Declaration is a post-hoc, feedback-advantaged attempt inappropriately to expand the scope of evidence beyond Mr. Altieri's deposition testimony, which is the only proper realm of evidence in this dispute.  It has been misleadingly and improperly introduced as fact, when it plainly is functioning as argument and opinion.  Plaintiff objects to it and hereby moves to have it stricken from the record.

[3]  Sylvan Altieri is the person the District named in Exhibit 3 to its written objections as the 30(b)(6) witness to testify regarding the Internal Affairs Division.  The Internal Affairs Division is the bureau of the Metropolitan Police Department that conducted investigations into both the Renit Jones case and the Janice Lee case.

misconduct." (ECF No. 67-5.) The District cannot simply impose its own estimation of what the Magistrate Judge should have found (but clearly did not); it must show that her conclusions are clearly erroneous or contrary to law. With no legal standard in its scatter-shot written objections to elevate them from the realm of desperate subjective rant and protestations, the District has deprived itself of even a theoretical prospect of showing that Magistrate Judge Meriweather's decision was clearly erroneous or contrary to law. Moreover, the District should not be permitted to use the federal and local rules for the Court's review of a Magistrate Judge's orders to re-litigate its original position. *See Independent Petrochemical Corp. v Aetna Cas. & Sur. Co.*, Civ. A. No. 83-3347, 1987 WL 8512 (U.S. Dist. Ct., D.C. March 9, 1987) (Plaintiffs should not be permitted to use the provisions for this court's review of orders of the Magistrate to argue for a second time that their original motion to compel had merit). The District's effort to supplant the Magistrate Judge's prerogative and duty to weigh the evidence before her should not be tolerated. Based on nothing more than its own capacity to object, the District is telling Magistrate Judge Meriweather that she is clearly weighting the evidence incorrectly and should do it the way it prefers. This does not meet the challenge of the daunting standard of review needed to overcome Magistrate Meriweather's decision.

The Magistrate Judge's decision did not actually breach any legal standard that applied to her consideration of the 30(b)(6) dispute that this Court entrusted to her. [4] A fair and

---

[4] "A party that has been served with a 30(b)(6) deposition notice that describes with reasonable particularity the matters on which examination is requested has several responsibilities. *See Alexander v. FBI*, 186 F.R.D. 137, 139–41 (D.D.C.1998). First, **the responding party must designate a deponent knowledgeable on the subject matter identified as a topic of inquiry**. *See* id. at 141. Second, if more than one deponent is necessary to respond to all necessary topics, the responding party must designate multiple deponents. *Id*. Third, the responding entity must prepare the deponent so that he or she can testify on matters within his or her personal knowledge as well as those "reasonably known" by the responding entity. *Id*.; *Myrdal v. District of Columbia*, 248 F.R.D. 315, 317 (D.D.C. 2008); *accord Prasad v. George Wash. Univ.*, 325

reasonable reading of Magistrate Judge Meriweather's decision conveys that she found sexual misconduct investigations against former Sergeant Best, which IAD conducted, to be keenly pertinent central issues of the case:

> As both cases concerned a central issue in this matter which was clearly within the scope of the 30(b)(6) notice, the District "ha[d] an obligation to educate its witnesses so that they are prepared to testify" about those files. *Buie*, 327 F.R.D. at 8. Mr. Altieri's apparent lack of familiarity with those files suggests that the District failed to meet that duty. (ECF No. 67-6.)

Moreover, the Magistrate Judge noted that, if Mr. Altieri was in fact familiar with these investigations, as the District stridently contends, "[d]efense counsel could have asked questions on redirect or asked to take a break so that Mr. Altieri could refresh his recollection by reviewing the files." *Id*. Defendant did not, however, take either of these obvious, available steps. The most logical and natural response to the query, "Why not?" is obvious and illuminating.

   A final point on this issue: The standard of review applicable to this challenge to Magistrate Judge Meriweather's decision is daunting, and the burden is solely on the Defendant to meet it. Although Plaintiff obviously believes the Magistrate Judge's decision is correct, Plaintiff has no duty to show that Magistrate Judge's decision is correct. Again, the burden is unilaterally and solely on Defendant to show that Magistrate Judge Meriweather's decision is clearly erroneous or contrary to law for this Court to overturn it.

### DISCUSSION: FEBRUARY 22, 2019, DECISION

   **The Magistrate Judge concluded that investigative files requested by Plaintiff involving allegations of domestic violence by MPD personnel are within the scope of Plaintiff's Request for Production 7 and are discoverable under Federal Rule of Civil Procedure 26(b).**

---

F.R.D. 1, 6 (D.D.C. 2018). Finally, the responding entity has a duty to substitute an appropriate deponent "when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry." *Alexander*, 186 F.R.D. at 141. (ECF No. 67-4.)

**I.      The domestic violence records are within the scope of Plaintiff's Federal Rule of Civil Procedure Rule 34 Requests for Production.**

Despite the District's misinterpretation, there was no language in Plaintiff's Request for Production 7 that limited the request to production of sexual misconduct/harassment files.  The exact language of Request for Production 7 reads as follows:

> [f]rom the time period January 1, 2014 to December 31, 2017, any and all documents that refer or relate to, or were considered or consulted, as to any allegations, investigations, or findings of *serious misconduct*, or any disciplinary, probationary, or legal actions of any kind for *serious misconduct* against any sworn MPD police officer by any officials or representative of Defendant District. (Emphasis added.)

*See* Status Report at 6 and Plaintiff's Reply in Support of Plaintiff's Motion to Compel Discovery of Improperly Withheld Metropolitan Police Department Files (ECF 62-6).

When Plaintiff requested all serious misconduct cases pursuant to Rule 34, the District, on March 28, 2018, produced a spreadsheet based on its own Personnel Performance Management System ("PPMS") system, entitled "IAD Serious Misconduct Against MPD Police Officer 2014-2017.xls."  This spreadsheet included numerous cases specifically identified as "domestic violence" files, because domestic violence cases were unequivocally within the scope of Plaintiff's Request for Production 7.  *See* Plaintiff's Motion to Compel Discovery of Improperly Withheld Metropolitan Police Department Files ("MTC"), ECF No. 58-9. Plaintiff was not required to make a separate Rule 34 request for domestic violence files. [5]

---

[5]  Contrary to the District's assertion that Plaintiff did not ask for domestic violence files until September 10, 2018 (ECF No. 73-10), Plaintiff's counsel made the first specific request for domestic violence files on June 6, 2018, in a list of MPD officers that it provided to the District, which included the names of officers who had been charged with domestic violence. The District did not tell Plaintiff's counsel that it was not going to produce the files of officers accused of domestic violence until nearly an entire four months later, October 3, 2018 (Objection, Exhibit 1, ECF No. 73.)

8

**II.     The domestic violence files are within the scope of Federal Rule of Civil Procedure 26(b).**

Fed. R. Civ. P. 26(b)(1) permits discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  To determine whether requested discovery is relevant and proportional one must consider the importance of the issues at stake, the amount in controversy, the parties' access to the information, the parties' resources, the importance of the discovery in resolving the issues, and the likely benefit relative to the burden of discovery.  *Id*. Rule 26(b)(1) emphasizes that information "need not be admissible in evidence to be discoverable."  Rule 26(b)(2) provides some limits to the extent of discovery.  None of the limits are applicable here: discovery of the domestic violence files that the Magistrate Judge has ordered is not unreasonably cumulative or duplicative; they are not obtainable from another more convenient, less burdensome or less expensive source; the Plaintiff has not had ample opportunity to obtain the information by discovery; and the discovery is not outside the permitted scope of Rule 26(b)(1).

Magistrate Judge Meriweather concluded that the requested domestic violence files are relevant to Ms. Buie's claims and proportional to the needs of the case (ECF No. 69-11). Magistrate Judge Meriweather's opinion is entitled to deference by the Court. [6] The District cannot impose its notion of relevance and proportionality on the Court because it disagrees with Magistrate Judge Meriweather's decision. It must show that her conclusion is clearly erroneous or contrary to law by citation to legal authority.  Without reference to a clear legal standard,

---

[6] *See Independent Petrochemical Corp. v Aetna Cas. & Sur. Co.*, *supra* at 1, which states: "*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (decision is 'clearly erroneous' when the reviewing court is left 'with the definite and firm conviction that a mistake has been committed.')…Because the Magistrate's Order deals with discovery issues, specifically with striking 'an appropriate balance between relevancy and burden and expense,'…it reflects the Magistrate's exercise of discretion rather than [her] application of rigid rules of law. Accordingly, under the standard of review quoted above, the Magistrate's judgment is entitled to deference unless it is so far afield as to be 'clearly erroneous or contrary to law.'"

Defendant's objections amount to nothing more than disagreement with Magistrate Judge Meriweather's decision and an effort to substitute its will for the Court's decision-making authority.

As Plaintiff previously argued, the connection between police misconduct and domestic violence is well-documented (MTC, ECF No. 58-1 9).  A simple google search reveals scholarly articles on the subject.  Plaintiff is entitled to evidence that supports her arguments that (1) MPD officers' domestic violence cases are relevant to her claims in this action and (2) that domestic violence incidents are a precursor to other forms of police sexual misconduct.  Instead, the District would like the Court to sever domestic violence files from sexual misconduct cases entirely and deprive Plaintiff of her right to present these arguments.

**III.     The District's request that it be given thirty (30) days from the entry of this Court's decision to produce the approximately eighty (80) domestic violence investigations, which Magistrate Judge Meriweather ordered them to produce, should be denied.**

Plaintiff's Request for Production 7, which was propounded in December of 2017, coupled with her requests for records of investigations of MPD officers who had been charged with domestic violence beginning in June of 2018, as well as this Court's 2/22/19 ruling (ECF 69), put the District on notice more than a year ago that it should be prepared to produce these domestic violence cases. The District's decision to hold off on preparation of these files until the Court rendered its decision on the motions was itself imprudent, as it was foreseeable from the outset that the District might lose that contest.  Having filed written objections, after receiving an extension of time, the intervening time should have been used to prepare to produce the domestic violence files.  This drag on production is retarding Plaintiff's ability to develop her case.  The Magistrate Judge's order to produce domestic violence files within fourteen (14) days was not unreasonable, considering the high standard of review and the additional time that the

10

District has gained by filing written objections to the Magistrate Judge's decision. To grant such an extension would set a date for production well into April and would reward the District for creating further, unnecessary delay.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court summarily deny the District's Written Objections to Magistrate Judge Robin M. Meriweather's Memorandum Opinion and Orders Dated February 15, 2019 and February 22, 2019 and affirm both Magistrate Judge's opinions.

Respectfully submitted,

SMITH MUSTILLE, LLC

By:    */s/ Mark A. Smith*
Mark A. Smith    Bar # 439116
2200 Pennsylvania Avenue, NW
Fourth Floor East
Washington, D.C. 20037
(202) 776-0022
877-854-1631 – fax
masmith@smithmustille.com

*/s/ Judith A. Mustille*
Judith A. Mustille    Bar # 455076
2200 Pennsylvania Avenue, NW
Fourth Floor East
Washington, D.C. 20037
(202) 776-0022
877-854-1631 – fax
jamustille@smithmustille.com

March 22, 2019

*Attorneys for Plaintiff*