**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAQUIA BUIE,<br>　　Plaintiff,<br>　　v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>　　Defendants. | Civil Action No. 16-1920 (CKK) |

**MEMORANDUM OPINION**

(September 12, 2019)

Pending before the Court is Defendant District of Columbia's [73] Written Objections to Magistrate Judge Robin M. Meriweather's Memorandum Opinion and Orders Dated February 15, 2019 and February 22, 2019 ("District's Objs."). The District of Columbia ("District") argues that Magistrate Judge Meriweather's Orders as to two discovery disputes were clearly erroneous. Upon consideration of the pleadings and the record as a whole, this Court OVERRULES the District's Objections and AFFIRMS Magistrate Judge Meriweather's February 15, 2019 and February 22, 2019 Memorandum Opinions and Orders.

**I. BACKGROUND**

After Defendant Darrell L. Best pleaded guilty to sexually assaulting Plaintiff Jaquia Buie and was sentenced to eighteen years in prison, Buie brought this suit against both Best and the District of Columbia. *See Buie v. District of Columbia*, 273 F. Supp. 3d 65, 66 (D.D.C. 2017). She alleges various claims, including constitutional claims under 42 U.S.C. § 1983 and tort claims for intentional infliction of emotional distress, negligence, negligent entrustment, negligent retention, and negligent infliction of emotional distress against the District. *See* Compl. ¶¶ 44– 126. In particular, Buie alleges that the District was negligent in its training, supervision, and discipline of officers, including Best, leading to an environment that facilitated Best's assault. *See*

*id.* ¶¶ 76–102. For instance, Buie claims that the District "failed to terminate Best after he misused his position as sergeant and sexually coerced a female cadet for his own personal benefit in violation of [Metropolitan Police Department] regulations." *Id.* ¶ 97. Her claims therefore concern the District's investigations and other actions taken in response to complaints about officer misconduct.

The District objects to two of Magistrate Judge Meriweather's determinations. First, the District objects to Magistrate Judge Meriweather's February 15, 2019 Memorandum Opinion and Order concerning a Rule 30(b)(6) deposition. Buie previously served the District with a Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] Pl.'s Mot. to Compel Deposition at 2. One of the topics noticed was:

> The investigative records and all other documents the District of Columbia produced in connection with investigation of allegations of sexual misconduct/harassment by sworn MPD members, including but not limited to, records from the Internal Affairs Bureau, Office of Professional Responsibility, Office of Citizen Complaint Review, and from Chain of Command Misconduct Investigations, located using the keyword "sex" in the PPMS system from 2006 to the present, EEO files from 1998 to the present, and investigatory records pertaining to the two (2) confirmed incidents involving Best's training classmates.

District's Objs. Ex. 2, at 3. Another topic covered any "disciplinary files" or "other documents having to do with the hiring, promotion, demotion, transfer, training, supervision, termination, or resignation" of Best. *Id.* Yet a third topic included the methodology and procedures used by the

---

[1] The Notice was originally served on February 23, 2018. *See* Pl.'s Mem. Of P&A in Supp. Of Pl.'s Mot. to Compel Discovery and for Reasonable Expenses Incurred ("Pl.'s Mot. to Compel Deposition"), ECF No. 41-1, at 2. The District objected to Buie's Notice, including the scope of topics, and Buie filed a Motion to Compel. *Id.* This Court assigned the issue to Magistrate Judge Meriweather, who found that the topics noticed were relevant, although she modified their scope in response to the District's concerns and the parties' suggestions. *See* Aug. 14, 2018 Mem. Op., ECF No. 55, at 6–21. Buie then appears to have served another Notice of Deposition reflecting these modifications on November 27, 2018, which is the version referenced in this Memorandum Opinion. *See* District's Objs. Ex. 2 (November 27, 2018 Notice).

2

Metropolitan Police Department regarding the "promotion, demotion, transfer, training, supervision, or termination of its members." *Id.*

On December 12, 2018, counsel for Buie deposed one of the District's designated Rule 30(b)(6) witnesses, Sylvan Altieri.[2] Pl.'s Notice to the Court, ECF No. 66, Ex. 2 at 1. Altieri testified that he had prepared for his deposition by reviewing documents for approximately fifteen hours, including reviewing some of the paperwork provided to him to prepare. District's Objs. Ex. 1 ("Altieri Tr.") at 13:19–16:12. Around this point in the deposition, counsel for Buie asked Altieri specific questions about what he had reviewed:

> Q: Did you look at the Renit Jones [case]?
> A: I believe I did, sir, yes.
> Q: Did you look at the Janice Lee case?
> A: I don't recall if I did or not, sir.
> Q: Do you know what those cases pertain to?
> A: I don't recall, sir.
> Q: You don't recall what they pertain to?
> A: No, sir.
> Q: Okay. So how much time did you spend preparing for this deposition?

Altieri Tr. 15:5–14.

Both the Jones and Lee investigations, according to Buie, "involved allegations of prior sexual misconduct against Best."[3] Pl.'s Notice to the Court Ex. B, ECF No. 66-2, at 1. Buie further claims that Best was demoted based on misconduct relating to one of these investigations. *Id.* Later, after Altieri was unable to answer a line of questioning regarding the average number

---

[2] In its Objections, the District notes that then-Assistant Attorney General Alicia Cullen sent Buie's counsel an email providing the names and general scopes of the District's designated Rule 30(b)(6) witnesses. District's Objs. at 5–6. Altieri was listed as discussing "internal affairs." *Id.* Ex. 3 at 1. As the District notes, this email was not before Magistrate Judge Meriweather, and was not raised to her by counsel for the District. *Id.* at 6 n.2.

[3] As Magistrate Judge Meriweather noted, the District has not disputed this characterization of the investigations. Feb. 15, 2019 Mem. Op. and Order, ECF No. 67, at 6.

of internal affairs cases generated daily, counsel for Buie terminated the deposition on the basis that the witness was inadequately prepared on the topics noticed. Altieri Tr. 54:1–59:6.

Second, the District objects to Magistrate Judge Meriweather's decision as to one of Buie's document production requests and the Metropolitan Police Department's investigative files related to domestic violence complaints against officers. Buie served on the District several document requests on December 8, 2017. District's Objs. Ex. 5. Document Request 7 asked for:

> From the time period January 1, 2014 to December 31, 2017, any and all documents that refer or relate to, or were considered or consulted, as to any allegations, investigations, or findings of serious misconduct, or any disciplinary, probationary, or legal actions of any kind for serious misconduct against any sworn MPD police officer by any officials or representatives of Defendant District.

*Id.* Ex. 5 at 6. In response to Document Request 7, the District produced a spreadsheet titled "IAD Serious Misconduct Against MPD Police Officer 2014–2017.xls" on March 28, 2018, listing cases from its Personnel Performance Management System, including investigations involving allegations of domestic violence against officers. *See* Pl.'s Mem. of P. & A. in Supp. of Pl.'s Opp'n to the District of Columbia's Written Objs. ("Pl.'s Opp'n"), ECF No. 74, at 8. In a series of communications exchanged between the parties' counsel, the District objected to producing a subset of eighty records relating to allegations of domestic violence against officers.[4] *See* District's Objs. Ex. 6–9, ECF Nos. 73-6–73-9. The District claimed that the records were not responsive because they did not relate to allegations of sexual misconduct or harassment. *See id.* The District further claimed that

---

[4] None of these letters were made available to Magistrate Judge Meriweather. District's Objs. at 10 n.5.

the records did not fall within any of Buie's document requests, and that even if it did, the request was disproportionate. District's Objs. at 11–13.[5]

Buie ultimately brought both discovery disputes to the Court's attention. *See, e.g.*, Pl.'s Mot. to Compel Deposition; Pl.'s Mot. to Compel Disc. of Improperly Withheld Metropolitan Police Department Files ("Pl.'s Mot. to Compel Production"), ECF No. 58.

## II. DISCUSSION

The Court referred these discovery issues to Magistrate Judge Meriweather pursuant to Local Civil Rule 72.2(a) on November 19, 2018 and December 14, 2018. *See* LCvR 72.2(a). "[A] district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." LCvR 72.2(c); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Under the clearly erroneous standard, the "magistrate judge's decision is entitled to great deference" and is clearly erroneous only "'if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009) (quoting *Donohue v. Bonneville*, 602 F. Supp. 2d 1, 2 (D.D.C. 2009)).

The Court considers Magistrate Judge Meriweather's February 15, 2019 Memorandum Opinion and Order before turning to her February 22, 2019 Memorandum Opinion and Order.

---

[5] The document with the District's Objections was not independently paginated. The page numbers used in this Memorandum Opinion are those assigned by the electronic filing system when documents are filed, which are displayed in the upper-right corner of each page of the District's Objections.

A. February 15, 2019 Memorandum Opinion and Order (Rule 30(b)(6) Deposition)

In her February 15, 2019 Memorandum Opinion and Order addressing the Rule 30(b)(6) deposition, Magistrate Judge Meriweather found that Altieri's responses indicated that he "lacked familiarity with critical areas of inquiry" and ordered "the District to provide a fully prepared 30(b)(6) witness for further questioning on the noticed topics." Feb. 15, 2019 Mem. Op. and Order, ECF No. 67, at 5. She based her decision on the noticed topics and prior decision narrowing the topics; the topics explicitly covered investigations and other documents related to allegations of prior misconduct against Best. *Id.* at 5–6. She further found that the deponent's apparent lack of knowledge, especially as to the Jones and Lee investigations, demonstrated that he was insufficiently prepared or knowledgeable. *Id.* at 6.

The District now argues that Magistrate Judge Meriweather's decision was clearly erroneous, claiming that Altieri was adequately prepared based on the deposition transcript and a declaration.[6] District's Objs. at 7. In its Objections, the District has included a long list of every topic on which Altieri testified and to which Buie did not indicate any concerns of inadequacy. *Id.* at 7–8. The District further suggests that Altieri could have testified as to the Jones investigation "because he told [counsel for Buie] that he had read the investigation report." *Id.* at 8.

The Court agrees with Magistrate Judge Meriweather that although "Mr. Altieri may have been familiar with the investigations and misconduct allegations discussed in the Jones and Lee case files, but simply unable to recall them when prompted only by the names," unfortunately

---

[6] As the March 6, 2019, Declaration of Sylvan Altieri, ECF No. 73-4, was not raised to Magistrate Judge Meriweather, and consequently played no role in her decision, the Court does not consider it here and finds no need to consider whether it should be stricken, as Buie suggests. *See* Pl.'s Opp'n at 5 n.2; *see also Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013) ("A district court is well within its discretion in barring arguments raised for the first time on objections to a magistrate's findings and recommendations absent exceptional circumstances."), *aff'd*, 767 F.3d 936 (9th Cir. 2014).

counsel did not "develop[] a record to clarify whether that was true." Feb. 15, 2019 Mem. Op. and Order, ECF No. 67, at 6. For example, "Plaintiff's counsel could have rephrased the question or asked follow-up questions to probe Mr. Altieri's knowledge and establish whether Mr. Altieri was truly incapable of testifying about those prior instances of misconduct." *Id.* On the other hand, "Defense counsel could have asked questions on redirect or asked to take a break so that Mr. Altieri could refresh his recollection by reviewing the files." *Id.* As Magistrate Judge Meriweather noted, "[t]he apparent acrimony between counsel likely contributed to counsel's failure to pursue such measures before the deposition was suspended." *Id.* Nevertheless, the Court will consider whether the Magistrate Judge's Order was clearly erroneous.

Under Rule 30(b)(6), a deponent must be "knowledgeable on the subject matter identified as the area of inquiry." *Alexander v. FBI*, 186 F.R.D. 137, 141 (D.D.C. 1998). "[T]he designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party." *Id.* (citing Fed. R. Civ. P. 30(b)(6)). Moreover, "the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry." *Id.* While Rule 30(b)(6) deponents "need not be subjected to a 'memory contest,'" they "must be prepared and knowledgeable." *Id.* at 143 (quoting *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, No. 94–CIV–1942, 1995 WL 686715, *4 (S.D.N.Y. Nov. 17, 1995)).

Magistrate Judge Meriweather's conclusion that Altieri's responses indicated that he was not fully prepared and knowledgeable on the topics noticed as required by Rule 30(b)(6) was not clearly erroneous. Notably, Altieri appeared to lack knowledge about the Jones and Lee investigations, which were the prior two internal affairs investigations into allegations against Best himself, one of which led to Best's demotion. Pl.'s Notice to the Court Ex. B, ECF No. 66-2, at

7

1. Consequently, the investigation files were included within the topics noticed by Buie. For example, they qualified as "documents having to do with the hiring, promotion, demotion, transfer, training, supervision, termination or resignation of" Best as well as "investigative records and all other documents" that the District "produced in connection with investigation of allegations of sexual misconduct/harassment" by officers. District's Objs. Ex. 2 at 3. The District should have been alerted to the need to ensure that Altieri, the deponent designated to cover "internal affairs" investigations into officers based on sexual harassment complaints, was sufficiently prepared to discuss the Jones and Lee investigations. But Altieri could not recall the subject matter of the Jones and Lee investigations, and in fact could not recall whether he reviewed the Lee investigation. Altieri Tr. 15:5–14. Defense counsel, as the Magistrate Judge noted, did not ask questions on redirect or ask to take a break to refresh Altieri's recollection. Feb. 15 Mem. Op. and Order, ECF No. 67, at 6.

Requiring its Rule 30(b)(6) deponent to be prepared and knowledgeable on these two investigations and the general processes related to internal affairs investigations does not, as the District argues, turn the deposition into a "memory test." As Magistrate Judge Meriweather found, lack of such fundamental knowledge was indicative of a lack of sufficient preparation and knowledge as required by Rule 30(b)(6). Although a Rule 30(b)(6) witness is not "expected to be omniscient or expected to have computer-like memory," he is expected to reflect "'a good faith effort on the party of the designate to find out the relevant facts.'" *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 4258269, *7 (S.D. Fla. 2018) (quoting *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005)). In light of these deficiencies and the deference due

to the Magistrate Judge's Memorandum Opinion and Order, the Court concludes that it was not clearly erroneous to allow Buie to reconvene the Rule 30(b)(6) deposition.[7]

### B. February 22, 2019 Memorandum Opinion and Order (Domestic Violence Records)

In her February 22, 2019 Memorandum Opinion and Order, Magistrate Judge Meriweather had two primary conclusions to which the District objects. The Court will consider both conclusions.

To begin with, Magistrate Judge Meriweather found that some domestic violence records fall within the documents requested in Buie's Document Request 7. Feb. 22, 2019 Mem. Op. and Order, ECF No. 69, at 9–10. In doing so, she interpreted how the Metropolitan Police defined "serious misconduct," the phrase used in Document Request 7. *Id.* at 10. Based on this definition, which included "suspected criminal misconduct" and "civil suits against an officer for off-duty misconduct alleging physical violence, [or] threats of physical violence," she found that "[s]ome, but not all, domestic violence investigations may rise to the level of serious misconduct" under those definitions. *Id.*

While the District claims that this reading was too broad, in interpreting the Request, Magistrate Judge Meriweather referenced the Metropolitan Police's *own* definition. *Id.* The District does not appear to contest that this is the proper definition to apply, and in fact quotes it

---

[7] In addition to the District's noting that it designated several Rule 30(b)(6) deponents that testified as to other topics, it explained that another witness (who does not appear to be a Rule 30(b)(6) deponent), Agent/Sergeant Nicole Webster of the Internal Affairs Division, was questioned extensively about both the Jones and Lee investigations. District's Objs. at 6 & n.3. It is unclear whether the District is suggesting that it has met its Rule 30(b)(6) obligation through depositions other than that of Altieri, or whether it is suggesting that the scope of the reconvened deposition should be narrowed. In any case, considering that these arguments were not raised in front of Magistrate Judge Meriweather, the Court does not consider them here. If the District wants to argue that it has satisfied its Rule 30(b)(6) obligation as to these topics through other depositions, or to contest the scope of the reconvened Rule 30(b)(6) deposition, it should do so in front of Magistrate Judge Meriweather in the first instance.

in its Objections. *See* District's Objs. at 11. Moreover, she did not interpret all domestic violence records as responsive to Document Request 7, as the District hints. *Id.* 11–12. Rather, she explained that some domestic violence records might concern "serious misconduct" as defined by the Metropolitan Police, and those documents would be responsive to the request. Feb. 22, 2019 Mem. Op. and Order, ECF No. 69, at 10. Considering that the spreadsheet produced by the District listing the requested domestic violence files was titled "IAD **Serious Misconduct** Against MPD Police Officer 2014–2017.xls," Pl.'s Opp'n at 8 (emphasis added), it was reasonable for Magistrate Judge Meriweather to assume that the domestic violence records listed on the spreadsheet were deemed responsive by the District because they involved serious misconduct.

Whether the requested discovery was relevant and proportional under Rule 26 is a separate inquiry. As for the requested records responsive to the request, Magistrate Judge Meriweather further found that they passed the "low bar of relevance." Feb. 22, 2019 Mem. Op. and Order, ECF No. 69, at 11. In particular, she noted that "[r]ecords demonstrating how MPD investigated and responded to allegations that other officers committed domestic violence could provide a point of comparison for evaluating MPD's response to Mr. Best's alleged domestic violence incident(s)," which might "support[] or undermin[e] Ms. Buie's assertion that MPD failed to adequately redress" Best's previous misconduct. *Id.* The request was also proportional, she found, because though the records were "unlikely to be significantly probative of Ms. Buie's claims," the burden of producing the records was "even less significant." *Id.* This was especially true because the records had already been identified on a spreadsheet, and Buie sought only those records on the spreadsheet. *Id.* at 11–12.

The determination that these records were relevant was not clearly erroneous. Under Federal Rule of Civil Procedure 26(b), the scope of discovery reaches "any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case," considering several factors. Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 6 (D.D.C. 2007) (discussing how "the term relevance at the discovery stage is a broadly construed term and is given very liberal treatment").

Buie's claims speak directly to how the Metropolitan Police responded to complaints about officers' misconduct. *See, e.g.*, Compl. ¶¶ 82–115 (listing her negligence, negligent entrustment, negligent retention, negligent infliction of emotional distress, and intentional infliction of emotional distress claims). For instance, she alleges that the District "acted negligently and with deliberate indifference by its repeated failure to supervise Best," and "thereby condoning the officer Best's conduct," Compl. ¶ 87, and further claims that this problem extends beyond Best to other officers, which created an environment that facilitated Best's assault of Buie, Compl. ¶¶ 48–55, 85–87, 98–100. While her specific concerns are most immediately related to sexual misconduct, that does not render investigations into other types of misconduct irrelevant at this juncture. As the Magistrate Judge noted, how the Metropolitan Police responded to other types of serious allegations may potentially shed light on her claims related to allegations of sexual misconduct. *See* Feb. 22, 2019 Mem. Op. and Order, ECF No. 69, at 11.

Furthermore, Magistrate Judge Meriweather's conclusion that the discovery is not disproportionate was not clearly erroneous. "To determine whether a discovery request is proportional, courts weigh the following six factors: (1) the importance of the issues at stake in

11

this action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (internal quotation marks omitted). Proportionality determinations are made "on a case-by-case basis." *Id.* Magistrate Judge Meriweather considered these factors, and found that although these records were not likely to be probative of Buie's claims, the burden on the District was small: Document Request 7 was narrow and requested only three years of records, the District had already identified the eighty potentially responsive files from that period, and Buie clarified that she only requested the files already identified. Feb. 22, 2019 Mem. Op. and Order, ECF No. 69, at 11–12.

Considering the detailed analysis of these issues and the deference due under the clearly erroneous standard, Magistrate Judge Meriweather's February 22, 2019 Memorandum Opinion and Order was not clearly erroneous.

The District further requests that the Court modify the fourteen-day deadline that Magistrate Judge Meriweather mandated for turning over the domestic violence records in order to allow the District thirty days to produce the responsive records. Because the District's Objections indicates that the District began the production process earlier this year, District's Objs. at 12, the Court will further affirm the Magistrate Judge's Order as to the fourteen-day deadline.

## III. CONCLUSION

None of the District's objections leave the Court with "the definite and firm conviction that a mistake has been committed." *Graham*, 608 F. Supp. 2d at 52. Rather, the Court concludes that Magistrate Judge Meriweather's February 15, 2019 and February 22, 2019 Memorandum Opinions and Orders thoughtfully considered each party's arguments and each discovery request at issue.

12

The Court shall therefore OVERRULE the District's Objections and AFFIRM the Memorandum Opinions and Orders in their entirety.

Dated: September 12, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge